## HARTFORD LIFE INSURANCE COMPANY *v.* BLINCOE, ADMINISTRATRIX OF BARBER.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 161.  Argued January 20, 1921.—Decided February 28, 1921.

1. In determining how far a decision of this court reversing a judgment of a state court binds that court on a second trial, the principle of *res judicata*, that all that might have been decided is presumed to have been decided, is inapplicable; and only those matters which were, not merely presented and argued here, but actually considered and decided by this court, are foreclosed.  P. 136.
2. Upon examination of the former decision (245 U. S. 146), *held*, that, in determining the scope of the Connecticut judgment there given effect under the full faith and credit clause of the Constitution as upholding the assessment levied by the Insurance Company, this court did not decide that such judgment sanctioned including in the assessment the amount of a tax which the company thought was imposed by the law of Missouri.  *Id.*
3. In a suit in a state court against a sister-state insurance company on a local contract of insurance, where an assessment on the insured was adjudged void because a few cents had been included in it for a supposed local tax, *held*, that whether such a tax was imposed by the local law and whether, it not being imposed, the assessment was void because of such slight excess, were questions of local law upon which the state court's decision was conclusive.  P. 137.
4. A state statute allowing damages and attorney's fees against insurance companies for delay in paying claims, even where there is no proof of vexatious refusal to pay and even in a case where delay seems justified by a company's success in litigation, can not be said to violate the Fourteenth Amendment.  *Id.*

279 Missouri, 316, affirmed.

THIS was an action to collect life insurance. The defense was that the policy had been forfeited by nonpayment of an assessment due and payable under its terms. The state court held the assessment void because there was included in it, without warrant, the amount of

15 cents to cover a tax of 2 per cent. to be paid to the
State as a tax on the amount of the assessment collected.
The decision of this court involves primarily the scope
and effect of its former decision of the case, in 245 U. S.
146.

*Mr. F. W. Lehmann,* with whom *Mr. James C. Jones*
and *Mr. Geo. F. Haid* were on the briefs, for plaintiff in
error:

The decision under review is based wholly upon the
ground that defendant included in the assessment the
sum of 15 cents to cover a tax of 2 per cent, which the
State of Missouri was demanding of it (under the pro-
vision of an act which was on the statute books of the
State since 1889), and which defendant paid and had been
paying for many years. The decision of the Supreme
Court of Missouri, which held that the tax did not apply
to assessments, was rendered more than six years after
the assessment in question was levied, and that decision
was by a divided court, four to two, so that the question
of the application of the statute to assessments was not
sufficiently free from doubt to call forth a unanimous
decision from the Supreme Court of that State. *Bankers'
Life Co.* v. *Chorn,* 186 S. W. Rep. 681.

The Supreme Court of the State in the case at bar
based its decision upon what we believe to be a wholly
untenable, non-federal question, which does not sustain
the judgment in this case. *Ward* v. *Love County,* 253
U. S. 17.

No claim is made that the company was acting in bad
faith in including the 15 cents in the assessment.

Defendant was justified in assuming that it was liable
for the tax, even if assessments levied by companies
licensed to do business in the State were not so liable.
Rev. Stats. Mo., 1909, §§ 7099, 6954.

The effect of the inclusion of this tax in the assessment

was presented to this court by the defendant in error on the former writ of error, and it was then claimed and urged by the defendant in error that, irrespective of the other questions involved, the inclusion of the tax rendered the assessment void and necessitated an affirmance of the judgment then before the court. To support which contention defendant in error cited the authorities which will be found in the brief of defendant in error on the former hearing in this court.

The concrete question before this court on the former writ of error was whether or not the particular assessment which included the 15 cents tax, was authorized by the Connecticut decree in the *Dresser case.* Necessarily involved in that inquiry was the question whether or not the 15 cents included therein was payable. This court answered the inquiry in the affirmative. This court could not have held that this assessment was authorized by the Connecticut decree and at the same time hold that it was void because it included the 15 cents tax.

It is true that the opinion of this court on the former writ of error does not discuss the question of the inclusion of the tax, but the question was in the record, was necessarily involved, and was presented to this court. *Gould* v. *Evansville &c. R. R. Co.,* 91 U. S. 526, 532; *United States Trust Co.* v. *New Mexico,* 183 U. S. 535; *Chaffin* v. *Taylor,* 116 U. S. 567; *Tyler* v. *Magwire,* 17 Wall. 253, 283; *Pitkin* v. *Shacklett,* 117 Missouri, 548; *Hill* v. *Draper,* 37 S. W. Rep. 574; *Castleman* v. *Buckner,* 202 S. W. Rep. 681; *Illinois Life Insurance Co.* v. *Wortham,* 119 S. W. Rep. 802; *Clark* v. *Brown,* 119 Fed. Rep. 130. See also *Hastings* v. *Hennessey,* 70 Mo. App. 354; *Wellsville Oil Co.* v. *Miller,* 150 Pac. Rep. 186, 189; *s. c.* 243 U. S. 6; *In re Cook's Estate,* 143 Iowa, 733; *Perrault* v. *Emporium Department Store Co.,* 83 Washington, 578; *Nashville &c. Ry. Co.* v. *Banks,* 168 Kentucky, 579.

The judgment of the Supreme Court of Missouri is violative of the provisions of Art. IV, § 1, of the Constitution in that it fails to give full faith and credit to the decree of the Connecticut court in the *Dresser Case,* because: (1) An assessment levied as was call No. 126, was adjudged to be valid and lawful by the Connecticut court in the *Dresser Case;* (2) Under the Dresser decree it was adjudged that an excess in an assessment, if any, should not vitiate or invalidate the assessment, but should simply render the succeeding assessment subject to credit for such excess; and (3) It was held by the Connecticut court in the *Dresser Case* that the mortuary fund of the Safety Fund Division was only subject to and liable for the payment of certificates matured by the deaths of the holders thereof in the event that all assessments had been paid by the holders thereof during their lifetime, and the continuance of said certificates, whereas the trial court and the Supreme Court of Missouri held that the certificate in suit is payable out of the mortuary fund, notwithstanding the conceded and admitted fact that assessment or call No. 126 levied against the insured prior to his death was not paid.

The decision of the Supreme Court of Missouri in upholding the action of the trial court in permitting the recovery of penalty and attorneys' fees upon the facts in this case, deprives the defendant of its property without due process of law, in violation of § 1 of the Fourteenth Amendment. Rev. Stats. Mo., 1909, § 7068.

The only evidence on this issue offered on the trial was the fact that plaintiff in error had not paid the amount of the certificate, and the fact that its refusal to pay was based upon its interpretation of the contract that the failure of the insured to pay his assessment rendered his certificate unenforcible.

The company was a trustee of the fund, *Hartford Life Insurance Co.* v. *Ibs,* 237 U. S. 662, 671; and it owed a

duty to the beneficiaries (the members) to protect that fund against unjust demands. In 'the instant case the insured had failed to pay an assessment which under the terms of his certificate rendered the same void. *Bailey v. Alabama,* 219 U. S. 219, 234.

When the nature of the defense is the only evidence from which its character as being vexatious or not is to be inferred, then it is a question of law for the court. Here is no dispute as to the fact. Cf. *Stix* v. *Travelers Insurance Co.,* 175 Mo. App. 180; *Non-Royalty Shoe Co.* v. *Phœnix Assurance Co.,* 277 Missouri, 399.

*Mr. Charles E. Morrow,* with whom *Mr. Robert Kelley* was on the brief, for defendant in error.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This is the second writ of error in this case. The opinion upon the first writ is reported in 245 U. S. 146. The suit here is, as it was there, upon a certificate of qualified life insurance, issued to Frank Barber and payable at his death to his wife, the plaintiff, who has since died and her administratrix has been substituted as defendant in error.

The defense here is, as it was there, that Barber failed to pay the mortuary assessment levied January 29, 1910, known as quarterly call No. 126 and that the failure voided the policy by its terms.

In that case Mrs. Barber recovered judgment, which we reversed on the ground that in rendering it the state court disregarded a judgment of a Connecticut court which had jurisdiction of the subject-matter and the parties, including Barber.

Upon the return of the case to the state court a new

trial was had that resulted again in a verdict and judgment for Mrs. Barber. They were affirmed by the Supreme Court of the State. 279 Missouri, 316.

To that affirmance this writ of error is directed, and the question presented is, Did the Supreme Court proceed in consonance with our decision? The extent of our decision is, therefore, necessary to consider and what it directed. The determination is in the issue that was presented and passed upon.

By reference to the report of the case (245 U. S. 146) it will be seen that the Supreme Court rested the judgment reviewed on the invalidity of the assessment and that the non-payment of the latter did not, upon two grounds, work a forfeiture of the insurance: (1) Under the condition of the funds of the company the assessment was for a larger amount than was necessary to pay death losses; (2) The charter of the company required all its affairs to be managed and controlled by a board of not less than seven directors, and that the assessment was not levied by the board. These rulings we held to be "in the teeth of the Connecticut adjudication which held that it was proper and reasonable for the company to hold a fund collected in advance in order to enable it to pay losses promptly." It was hence decided that the trial court in rendering judgment against the Hartford Company, and the Supreme Court in affirming the judgment, did not give "full faith and credit to the Connecticut record." The reasons for the conclusion we need not repeat.

With this ruling the Supreme Court was confronted upon its reconsideration of the case with the freedom of decision that remained to it, and resolved that we had left untouched any consideration of the elements constituting the assessment; and that it was at liberty to decide, and decided, that a tax, asserted by the company to have been imposed by the laws of Missouri, had been

unlawfully included in the assessment and that, therefore, the assessment was void and its non-payment did not work a forfeiture of Barber's insurance. To the contention of the company that such holding was precluded by our opinion, it was replied that the matter presented purely a question arising under the laws of the State and that this court "did not intend by its judgment to adjudicate to the contrary."

The decision of the court that the Hartford Company was not subject to the tax that it had included in its assessment was not new. It was a repetition of the ruling made in *Northwestern Masonic Aid Association* v. *Waddill*, 138 Missouri, 628, in 1897, and should have been known to the Hartford Life Insurance Company at the time it made the assessment and mortuary call. The ruling has been again repeated in *Young* v. *Hartford Life Insurance Co.*, 277 Missouri, 694, and upon the authority of those cases the court decided that the tax was not applicable to companies doing business on the assessment plan and that on that plan the Hartford Company was doing business.

The Hartford Company contests the latter ruling and, as dependent upon it, the other ruling, that is, that the company was not subject to the tax, and asserts besides that the effect of the inclusion of the tax in the assessment was presented to this court on the former writ of error, and whether it was authorized by the Connecticut decree, and that the answers were in the affirmative,—in other words, passed upon the power to make and the elements that made the assessment. Counsel say "this court could not have held that this assessment was authorized by the Connecticut decree and at the same time hold that it was void because it included the fifteen cents tax." To sustain this view of the case the opinion is quoted as follows: "It is obvious on the evidence that this assessment was levied in the usual way adopted by

the company and tacitly sanctioned by the Connecticut judgment."

Counsel, however, admit that the question of the inclusion of the tax was not discussed, but insist that "the question was in the record, was necessarily involved, and was presented," and invoke the presumption that whatever was within the issue was decided. In other words, that the case was conclusive not only of all that was decided, but of all that might have been decided.

From our statement of the issues it is manifest that the quotation from the opinion has other explanation than counsel's, and we need not dwell upon the presumption invoked or the extent of its application in a proper case. The question of the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, or its effect upon a particular issue or question in some other case, is not here involved. The most that can be said of any question that was decided is, that it became the law of the case and as such binding on the Supreme Court of the State, and to what extent binding is explained in *Messenger* v. *Anderson*, 225 U. S. 436. Certainly, omissions do not constitute a part of a decision and become the law of the case, nor does a contention of counsel not responded to. The element of taxes in the assessment was not considered by the Supreme Court, and in this court the Connecticut judgment and its effect were the prominent and determining factors. The question of the inclusion of the tax was not discussed or even referred to. The only question considered was the powers given to the directors of the company by the Connecticut charter and the effect that was to be assigned to the Connecticut judgment as that of a court having jurisdiction to decide what powers the charter conferred or required. It is hardly necessary to say that the tax law of Missouri was no part of the

charter. It was a condition the company encountered and became subject to in Missouri.

It was urged, it is true, in the brief of counsel that the assessment "was void because it included money for taxes erroneously claimed to be exacted under the laws of Missouri." No notice, however, was taken of the contention and no influence given to it or to the effect it asserted. If it made any impression at all it was obviously as a state question dependent upon the state statutes upon which we would naturally not anticipate the state courts, the case necessarily going back to them.

Nor may we judge of the action of the Supreme Court of the State upon the tax because of its size, nor yield to the contention of the company that it had not accepted the assessment plan of insurance but was doing business on the premium plan, and, therefore, subject to the tax which it had included in the assessment. These are state questions and are not within our power to review.

It is further contended by the Hartford Company that the Supreme Court permitted the recovery of damages and attorney's fees under the provisions of a statute of the State, although there was no evidence in support thereof except the delay in payment of the claim for insurance, notwithstanding, it is further said, the company "had prevailed on every issue that had theretofore been presented," and that by this action the company was deprived of its property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States.

In support of its contention the Company cites § 7068 of the Revised Statutes of Missouri which, it is said, authorizes such recovery only "if it appear from the evidence that such company [insurance company] has vexatiously refused to pay" loss under a policy; and no evidence was offered on either trial to show the existence of the condition prescribed by the statute. The immediate

answer to the contention is that what the statute pre-
scribed was for the courts of the State to determine and
their construction is not open to our review though we
might consider its application to the circumstances of
of the case to be rather hard.  And it would, we think,
be extreme to hold that the statute or its construction is
a violation of the Fourteenth Amendment.

*Judgment affirmed.*

MR. JUSTICE HOLMES, MR. JUSTICE VAN DEVANTER
and MR. JUSTICE McREYNOLDS, dissent.