People of the State of Illinois, Defendant in Error, v.
Steve Wojdas, Plaintiff in Error.

Gen. No. 41,393.

Opinion filed March 31, 1941. Rehearing denied April 4, 1941.

SMIETANKA, CONLON & NOWAK, of Chicago, for plaintiff in error.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

March 11, 1940, Margaret Quire, by leave of court, filed an information charging Steve Wojdas with the crime of pandering, i.e., that March 1, 1940, he took 50 cents from her as part of her earnings from the practice by her of prostitution. The day the petition was filed defendant was taken into custody and an order entered which discloses that pending the hearing his bail was fixed at $1,000 with sureties or a cash bond of $250. Continuing, the order recites that the

matter came on for hearing, the People being represented by the State's Attorney and defendant by his counsel; that he was arraigned and entered a plea of not guilty; that he was advised by the court of his right to trial by jury but he elected to waive such right. The case was continued from time to time and finally heard May 17, 1940. Defendant was found guilty as charged. Thereupon he applied for release on probation. That matter was continued from time to time until June 5 when the application was denied and defendant sentenced to six months in the County Jail and a fine of $300 imposed. June 13 defendant, by new counsel, filed a motion under § 72 of the Civil Practice Act (Ill. Rev. Stat. 1939, ch. 110, § 72 [Jones Ill. Stats. Ann. 104.072]), praying that the conviction be set aside and he be given a new trial. On the same day the State's Attorney filed a motion to dismiss the petition and on the next day the motion was allowed, the petition dismissed and defendant prosecutes this writ of error.

Defendant in his petition swore he is a naturalized citizen and lives at 8534 Green Bay avenue, which has been his residence for 21 years; that previously he had lived for 14 years on 88th street, Chicago; that he is a widower with a family of 4 grown children; that he owns the property where he lives subject to a mortgage of $2,700; that at times he was employed as a laborer by the Illinois Steel Company and at other times conducted a tavern in Chicago; that he has never been convicted of any offense and he believes he has a good reputation in the community in which he lives; that upon the charge being made against him he employed counsel to whom he disclosed all the facts in reference to the claimed offense; that he paid counsel the retainer asked and appeared in court a number of times when the case was set for trial but was continued although he was ready; that upon three of these occasions all of his witnesses were present but on the day the case was tried all of his witnesses were not in

court; that at the time of the trial his counsel indicated he was ill and not in full possession of his faculties; at times he was unable to talk; was forgetful of names; that defendant was unacquainted with the law and did not know what to do; that the case went to trial, that upon the hearing Margaret Quire (who swore to the information) and Betty Holmes, who were reputedly married women, testified that they participated in the "alleged transgression" as set forth in the information; that he did not know he had waived a jury; that he had, at all times, asserted he was not guilty of the offense charged; that at the time of the trial there were other attorneys present in court who observed the conduct of his counsel and immediately after the trial he learned for the first time his counsel had suffered a stroke of paralysis which seriously affected his body and mind; that the two women above mentioned were arrested in defendant's place of business March 8, 1940, and three days afterward one of them filed the complaint against him; that a number of other persons were in defendant's place of business who, if called, would have given testimony favorable to him. Among such persons were Michael Stanko and Josephine Klasek, who had been in court on three different occasions to testify in his behalf but who had not been informed to be in court at the time the case was heard; that he could have produced a number of witnesses who would have testified as to his good character, and as a law-abiding citizen.

There seems to be considerable misunderstanding as to the proper method to be pursued where a motion is filed under § 72 of the Civil Practice Act. If the motion is allowed defendant is given a new trial and not discharged. The proper proceeding has been many times pointed out by this court and by the Supreme Court. *People v. Miles*, 292 Ill. App. 430; *People v. Crooks*, 326 Ill. 266.

In the *Crooks* case, where a motion similar to the one before us was made under § 89 of the Practice

Act (now § 72) the court said: "The sufficiency of the motion, which is regarded as a declaration in . . . a motion under the statute, must be raised by demurrer, . . . by motion to dismiss, . . . or by making an issue of fact by traversing the declaration. . . . In this State the issue of fact may be made, and is generally made, by affidavits in support of the motion and by counter-affidavits denying the facts set up in the motion and affidavits in support thereof, in which case the burden of proof is upon the party making the motion to prove his facts alleged by a preponderance of the evidence."

We think the facts alleged in support of defendant's motion made a *prima facie* showing that defendant was prevented without fault on his part from having his case fairly presented through the illness of his counsel and the People should have been required to traverse the allegations. *People v. Crooks,* 326 Ill. 266.

The court erred in denying defendant's motion and in dismissing his petition. The judgment of the municipal court of Chicago is reversed and the matter remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

MATCHETT and McSURELY, JJ., concur.