People of the State of Illinois, Appellee, v. Steve Wojdas, Appellant.

Gen. No. 42,379.

Opinion filed May 10, 1943.

SMIETANKA, CONLON & NOWAK, of Chicago, for appellant; JOSEPH G. SMIETANKA and GEORGE H. MORTON, both of Chicago, of counsel.

Thomas J. Courtney, State's Attorney, for appellee; Edward E. Wilson, John T. Gallagher and Melvin S. Rembe, Assistant State's Attorneys, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

This cause has already been before us, and the proceedings are stated in a prior opinion. (309 Ill. App. 382.)

The defendant was convicted of the crime of pandering; he filed a motion praying that the conviction be set aside, asserting that the attorney who represented him at the trial was physically incapacitated at the time so that defendant did not have a fair trial. We held that the allegations of fact in the motion should have been traversed by the People and we remanded the cause for that purpose.

Pursuant to our opinion the People filed answer to defendant's petition and the issue thus made was whether the attorney who represented him at the trial was physically and mentally incapacitated to do so at the time. There was some evidence in support of defendant's petition, and convincing evidence to the contrary introduced by the People.

The trial judge held that the evidence did not sustain defendant's petition that the lawyer who represented him at the trial was physically, mentally, or in any way incompetent to take care of his client's interest, and denied the prayer of the petition.

It is unnecessary to detail all of the evidence, for the testimony of Judge Daly, the trial judge, is convincing. Judge Daly said he knew Wojdas' attorney intimately; that in the trial of the case against defendant he did not notice anything peculiar about his conduct on the trial; that his mental condition was apparently good; that his demeanor was apparently the same as it had been during the 17 or 18 years that the judge had known him; that he properly represented

his client, Wojdas, and that he cross-examined the complaining witness and the police officers ably and vigorously. In the light of this evidence the court, in passing on defendant's motion, properly found that there was nothing in the conduct of defendant's attorney at the trial that prejudiced his client in any way.

For the reasons indicated the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.