HENRY HAWK, APPELLANT, v. NEIL OLSON, WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

16 N. W. 2d 181

FILED NOVEMBER 3, 1944. No. 31841.

*Henry Hawk, pro se.*

*Walter R. Johnson, Attorney General, H. Emerson Kokjer, John H. Comstock* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE and WENKE, JJ.

WENKE, J.

This habeas corpus proceeding was instituted in the district court for Lancaster county by the petitioner, Henry Hawk, against Neil Olson, warden of the Nebraska state penitentiary, as respondent, to obtain the petitioner's release. From an order denying the writ the petitioner has appealed to this court.

The petitioner's petition discloses that a complaint was filed against him in the municipal court of the city of Omaha containing two counts charging him with first degree murder. Preliminary hearing thereon was had on February 11, 1936, and on the same day he was bound over to the district court. Information to the same effect was then filed in the district court on February 17, 1936. On March 16, 1936, after being arraigned and pleading not guilty, the defendant was tried to a jury. By the verdict of the jury, rendered on March 18, 1936, he was found guilty of murder in the first degree, which verdict fixed the penalty at imprisonment in the penitentiary during life. On March 19, 1936, after motion for new trial had been overruled, the court, as provided in the verdict, sentenced the petitioner to the Nebraska state penitentiary for the period of his natural life. He is confined and is being held in said institution pursuant thereto.

This court, in *Hawk v. O'Grady*, 137 Neb. 639, 290 N. W. 911, has determined the validity of the form of the judgment entered by the trial court.

Petitioner complains that at the time he was tried he was a federal prisoner incarcerated in the federal penitentiary at Leavenworth, Kansas, and therefore outside of the jurisdiction of the state. Further, that when he had completed his term in the federal prison he was turned over to the Nebraska authorities and confined in the state penitentiary without further order. These contentions are without merit.

The petition states that he was brought to Omaha for

trial by the federal authorities and then returned by them to the federal prison; and that when his term in the federal penitentiary expired the federal authorities turned him over to the state authorities. As stated in *Ponzi v. Fessenden,* 258 U. S. 254, 42 S. Ct. 309, 22 A. L. R. 879: " * * * the fact that a defendant in an indictment is in prison serving a sentence for another crime gives him no immunity from the second prosecution. * * * 'The penitentiary is not a place of sanctuary; and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt.'" As stated in *Rigor v. State,* 61 Atl. 631 (101 Md. 465): "That accused is serving a sentence under a prior conviction of a distinct crime is no ground for postponing his trial until the expiration of such sentence." See, also, *Cato v. Smith,* 104 Fed. 2d 885; *Kelley v. Oregon,* 273 U. S. 589, 47 S. Ct. 504. And in *Ponzi v. Fessenden, supra*: "Nor, * * * is there any difficulty in respect to the execution of a second sentence. It can be made to commence when the first terminates. *Kite v. Commonwealth,* 11 Metc. 581, 585, an opinion by Chief Justice Shaw; *Ex parte Ryan,* 10 Nev. 261, 264; *Thomas v. People,* 67 N. Y. 218, 226."

Many of the petitioner's grounds for release are pleaded in the form of conclusions. The petitioner must set forth the facts from which it is made to appear he will be entitled to discharge. See *In re Application of Tail, Tail v. Olson, ante,* p. 268, 16 N. W. 2d 161.

"In an application for a writ of habeas corpus if the applicant or petitioner sets forth facts which, if true, would make out a case which would entitle him to his discharge, then the writ is a matter of right and the petitioner should be produced and a hearing held thereon to determine the question of fact presented. But, if he shows by the facts which he sets forth in his application for the writ that he is not entitled to relief, then the writ will be denied for it would be useless to go through the procedure of granting the writ and having the party brought before the court merely to be remanded back to the custody out of which he

seeks to be discharged. Since the allegations of the petition are often inconclusive and mere statements of conclusions of the pleader the court may refuse to issue the writ if, upon the face of the petition, it appears that the party is not entitled thereto." *In re Application of Tail, Tail v. Olson, supra.*

The petitioner questions the sufficiency of the evidence to sustain his conviction and says he is innocent. " 'The guilt or innocence of one accused of crime, or convicted of a crime, is not justiciable in habeas corpus.' *Smith v. Amrine,* 156 Kan. 486, 134 Pac. 2d 400." *In re Application of Tail, Tail v. Olson, supra.* See, also, *Carlsen v. State,* 129 Neb. 84, 261 N. W. 339.

The petitioner sets forth parts of the evidence taken at the time of trial and attempts to show that the same are contradictory, conflicting, impeached, incompetent, and uncorroborated; that the state was permitted to impeach its own witnesses; that the court overruled his motion for continuance made after he had been arraigned and pleaded not guilty but before trial; and that there was error in the instructions given by the court. "Habeas corpus is a collateral, not a direct, proceeding when regarded as a means of attack upon a judgment sentencing a defendant. It cannot be used as a substitute for a writ of error." *In re Application of Maher, North v. Dorrance,* 144 Neb. 484, 13 N. W. 2d 653. "A judgment or sentence of a court of record in a criminal case is thus supported by the usual presumptions of validity and regularity when thus attacked. To obtain release from a sentence of imprisonment by habeas corpus, such sentence must be absolutely void." *State ex rel. Gossett v. O'Grady,* 137 Neb. 824, 291 N. W. 497. "A writ of habeas corpus is not a writ for the correction of errors and will not be allowed to be used for that purpose. *Michaelson v. Beemer,* 72 Neb. 761." *In re Application of Cole, Cole v. Fenton,* 103 Neb. 802, 174 N. W. 509.

The petitioner refers to the testimony of certain witnesses as being perjured and other witnesses as having been intimidated or bribed. These statements are mere conclu-

sions. They do not set forth facts which, if true, would entitle him to relief. However, if sufficient facts were set forth to entitle him to relief on this basis his remedy would not be by habeas corpus. The writ of error *coram nobis* has been recognized in this state. *Carlsen v. State, supra.* The object of the writ is to bring into the record, before the court that rendered the judgment, facts which were unknown to the defendant at the time of trial through no lack of reasonable diligence on his part, which, if known at the time of the trial, would have resulted in a different judgment. As stated in *Carlsen v. State, supra*: " * * * the writ of habeas corpus does not afford a corrective judicial process to remedy an error of fact, at the trial, without which a conviction would not have resulted. * * * Habeas corpus is not a proper remedy to release one from prison who has been wrongfully convicted."

Petitioner complains of his inability to perfect his appeal. On April 10, 1936, he filed notice of appeal and affidavit of poverty with the trial court. On the same day the court ordered a transcript and bill of exceptions to be made at the county's expense. Petitioner says these were impounded and concealed and never delivered to him, but he fails to state in what manner they were impounded and concealed. The bill of exceptions was subsequently found in the office files of the county attorney of Douglas county. No petition in error was ever filed in the supreme court. He alleges he was deserted by his counsel. However, the petitioner fails to show that he ever requested the public defender or his assistant to appeal. He alleges that in order to perfect his appeal he petitioned the supreme court for additional time, mandamused the trial court and brought mandamus in the district court of the United States, Lincoln Division, but all were denied. The facts alleged do not show that the petitioner was prevented from perfecting his appeal within the time provided by our statute. "Habeas corpus is not recognized as a remedy to review a judgment. It cannot take the place of a writ of error." *Carlsen v. State, supra.*

The petition sets forth that on the evening before his arraignment the public defender and his assistant consulted with the petitioner and advised him to enter a plea of guilty to having murdered Isadore Perelman during an attempted robbery on the evening of February 28, 1934, because the county attorney and captain of detectives had arranged to use the testimony of two convicts who were going to testify against him and that if he was convicted by a jury he would no doubt receive a death sentence. He informed the public defender and his assistant that he would not plead guilty. They then informed him they would have nothing to do with the trial scheduled the next morning. When arraigned on the following morning the petitioner pleaded not guilty and in the trial, held on March 16, 17 and 18, he was represented by the public defender and John N. Baldwin. We can see nothing in these facts, if true, that in any way prevented the petitioner from having a fair trial.

Petitioner complains of the court's overruling his motion for continuance and thereby denying him time to consult counsel, examine the charge, subpoena witnesses, prepare a defense and thus giving him only a mere semblance of a trial. The record discloses that preliminary hearing was had on February 11, 1936. That over a month later, on March 16, 1936, he was arraigned on the same charge. He was brought to Omaha the day before and consulted with and was represented by the public defender and his assistant. The trial lasted for three days, March 16, 17 and 18. He was found guilty by the verdict of the jury. Motion for new trial was filed and overruled on March 19 and judgment on the verdict sentencing the defendant was had the same day. "Every person accused of crime should be afforded reasonable opportunity to marshal his witnesses and prepare for trial, but mere procrastination—delay for delay's sake—should not be tolerated." *Hubbard v. State,* 65 Neb. 805, 91 N. W. 869. The petitioner does not set forth any facts to establish his innocence that he was prevented from establishing which, if continuance had been

granted, he could have presented. He merely says he is innocent and criticizes the evidence upon which he was convicted. We find there is no merit to petitioner's contention.

For the reasons herein discussed the order of the lower court in denying the writ was correct and is therefore affirmed.

AFFIRMED.

CHAPPELL, J., participating on briefs.