HENRY HAWK, APPELLANT, V. NEIL OLSON, WARDEN OF THE NEBRASKA STATE PENITENTIARY, APPELLEE.

22 N. W. 2d 136

FILED MARCH 8, 1946. No. 31841.

*Henry Hawk,* pro se, for appellant.

*Walter R. Johnson,* Attorney General, *H. Emerson Kokjer, John H. Comstock,* and *Rush C. Clarke,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

In Hawk v. Olson, 145 Neb. 306, 16 N. W. 2d 181, we affirmed a judgment of the district court for Lancaster

County denying petitioner a writ of habeas corpus. The Supreme Court of the United States granted certiorari, because a substantial federal question as to restraint without due process of law under the Fourteenth Amendment seemed to be presented. On the matter coming before that court, it found that petitioner was entitled to a hearing on the claimed violation of the due process clause, and reversed and remanded the cause to us for further proceedings not inconsistent with the opinion of that court. Hawk v. Olson, 326 U. S. 271, 90 L. Ed. 67, 66 S. Ct. 116. Petitioner now moves that the judgment of the Supreme Court of the United States be enforced and that we issue a mandate to the district court for Lancaster County to issue a writ of habeas corpus directing that the petitioner be produced before it for hearing upon his allegations in his petition for the writ. We deny petitioner's motion.

Preliminary to a discussion of the matter now before us, the Supreme Court of the United States disposed of a number of contentions which need not be recited now.

The Supreme Court of the United States stated petitioner's contention thus: " * * * his conviction violates the Fourteenth Amendment because of denial at his trial of an opportunity to examine the charge, subpoena witnesses, consult counsel and prepare a defense." The court said that denial of effective assistance of counsel does violate due process; that habeas corpus in the federal courts was a proper procedure by one convicted of a criminal offense to safeguard an infringement of constitutional rights, even though the events which were alleged to infringe did not appear on the face of the record of his conviction; that the Fourteenth Amendment is violated when a defendant is forced by a state to trial in such a way as to deprive him of the effective assistance of counsel; and that when a state does not provide corrective judicial process, the federal courts will entertain habeas corpus to redress the violation of the federal constitutional right.

In conclusion the Supreme Court of the United States recited certain of the allegations of the petition and held them

sufficient to present the issue that no effective assistance of counsel was furnished in the time between the plea of not guilty and the calling of the jury; that denial of opportunity to consult with counsel on any material step after indictment or similar charge and arraignment violated the due process clause of the Fourteenth Amendment; and that petitioner stated a good cause of action when he alleged facts which supported his contention that, through denial of asserted constitutional rights, he has not had the kind of trial in a state court which the due process clause of the Fourteenth Amendment requires. It held that the petitioner was entitled to an opportunity to prove his allegations.

We decided petitioner's application in our prior opinion on the ground that the issues presented were not justiciable in a habeas corpus proceeding in this state. We quote that paragraph of our opinion. "The petitioner sets forth parts of the evidence taken at the time of trial and attempts to show that the same are contradictory, conflicting, impeached, incompetent, and uncorroborated; that the state was permitted to impeach its own witnesses; *that the court overruled his motion for continuance made after he had been arraigned and pleaded not guilty but before trial;* and that there was error in the instructions given by the court. 'Habeas corpus is a collateral, not a direct, proceeding when regarded as a means of attack upon a judgment sentencing a defendant. It cannot be used as a substitute for a writ of error.' * * * 'A judgment or sentence of a court of record in a criminal case is thus supported by the usual presumptions of validity and regularity when thus attacked. To obtain release from a sentence of imprisonment by habeas corpus, such sentence must be absolutely void.' * * * 'A writ of habeas corpus is not a writ for the correction of errors and will not be allowed to be used for that purpose.'" (Emphasis supplied.) Hawk v. Olson, *supra*. Four of the six syllabi written by us set out rules governing the use of the writ of habeas corpus in this state.

We think the Supreme Court of the United States overlooked the full import of our opinion, for it said: *"When the*

*corrective process is provided by the state,* but error, in relation to the federal question of constitutional violation, creeps into the record, we have the responsibility to review the state proceedings." (Emphasis supplied.) "As the Supreme Court of Nebraska considered the motion for continuance on the merits, *no question of state procedure for the reexamination of criminal convictions arises."* (Emphasis supplied.) The Supreme Court of the United States thus, as a premise for its jurisdiction to review and for its decision, assumed a proposition of state law contrary to our holding in the case.

It is true that, in a portion of the opinion subsequent to that above quoted, we mentioned this contention regarding a continuance and set out facts alleged by petitioner but only to point out that he set forth no facts which would establish his innocence that he was prevented from presenting, but merely criticized the evidence and claimed that he was innocent. We made no reference to the federal question. As we had held earlier in the opinion, the sufficiency of the evidence and the guilt or innocence of one accused or convicted of a crime was not justiciable in a habeas corpus proceeding. That holding was accepted by the Supreme Court of the United States in its opinion. In footnote 7 to Williams v. Kaiser, 323 U. S. 471, 89 L. Ed. 362, 65 S. Ct. 363, the Supreme Court of the United States indicates that in its opinion allegations of denial of a fair trial, that petitioner was ignorant or innocent, or the court was prejudiced, would not be relevant to petitioner's cause of action based on the constitutional right to counsel.

A "question of state procedure for the reexamination of criminal convictions" did arise and was determined by us. That question remains in this case and is here now. A habeas corpus proceeding is not a "corrective judicial process" in which the questions which petitioner seeks to present may be determined in the courts of this state. Although it holds that habeas corpus is a process available in the federal courts to redress the violation of the federal constitutional right, the Supreme Court of the United States does

not discuss nor pass upon the nature of the remedy available in the courts of Nebraska.

It is not for us to say what constitutes a violation of the due process of law clauses of the Federal Constitution when the Supreme Court of the United States has spoken on that subject with relation to the question presented. Neither is it for us to say what issues may be justiciable in an application for a writ of habeas corpus when that writ is sought in the federal courts. But those are not and were not the issues presented and determined by us.

The issue here now is the same as it was when the case was initially before us, and that is, what issues are justiciable in an application for a writ of habeas corpus in the courts of this state. That question is for the courts of this state to decide. We have the undoubted right to decide upon our own jurisdiction and the jurisdiction of the courts of this state to which our appellate power extends. Davis v. Packard, 8 Peters 312; Johnson v. Radio Station WOW, *ante* p. 429, 19 N. W. 2d 853. The Supreme Court of the United States has said: " * * * the State may supply such corrective process as to it seems proper." Frank v. Mangum, 237 U. S. 309, 335, 59 L. Ed. 969, 983, 35 S. Ct. 582, 590.

In Jackson v. Olson. No. 32012, released concurrently herewith, *post* p. 885, 22 N. W. 2d 124, we have reexamined and restated the rules governing the use of the writ of habeas corpus in this state and pointed out that our holdings are in accord with the decisions of the Supreme Court of the United States there cited. Those rules are: To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose. Such a judgment is not void. Habeas corpus cannot be used as a substitute for a writ of error. Habeas corpus is a collateral and not a direct pro-

ceeding when regarded as a means of attack upon a judgment sentencing a defendant. The regularity of the proceedings leading up to a sentence in a criminal case cannot be inquired into on an application for a writ of habeas corpus, that matter being assailable only in a direct proceeding. When the judgment is regular upon its face and was given in an action where the court had jurisdiction of the offense and of the person of the defendant, extrinsic evidence is not admissible to show its invalidity.

Under those rules the issue, which the Supreme Court of the United States said petitioner presents, cannot be determined in a habeas corpus proceeding in the courts of this state.

The question which petitioner now seeks to present could have been presented and determined by the trial court, in the first instance, on a motion for a new trial and if not determined there to his liking then by this court on a writ of error. And in this connection we mention the holding of the Supreme Court of the United States that the facts pleaded by petitioner did not show an interference with the right of appeal, and (in footnote 2) that a failure to seek a review under our procedure was without excuse. The Supreme Court of the United States has said: "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * * While this Court in its discretion sometimes departs from this rule in cases from lower federal courts, it invariably adheres to it in cases from state courts, * * * and it could hardly be maintained that it is beyond legislative power to make the rule inflexible in all cases." Yakus v. United States, 321 U. S. 414, 88 L. Ed. 834, 64 S. Ct. 660.

In full accord with our decisions we are required to hold that petitioner's issues which the Supreme Court of the United States said he is entitled to have an opportunity to prove are issues which are not justiciable in a habeas corpus proceeding in this state.

We are of the opinion that denial of the petitioner's motion is not inconsistent with the mandate of the Supreme Court of the United States. The existence of the right is one matter; the availability of a particular remedy in which that right may be asserted is distinctly a separate matter. They are not interdependent, nor intermingled. The decision of the one does not depend upon the decision of the other. A determination of the federal question does not determine the question arising under state law.

The Supreme Court of the United States on certiorari considered and determined the merits of petitioner's allegation that he was being restrained without due process of law under the Fourteenth Amendment. It did not undertake to determine the question and did not discuss nor pass upon the availability of a habeas corpus proceeding in Nebraska as a remedy. Only the federal question was open to the determination of the Supreme Court of the United States.

The Supreme Court of the United States has held: "A judgment of reversal is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided." Mutual Life Insurance Co. v. Hill, 193 U. S. 551, 48 L. Ed. 788, 24 S. Ct. 538. In considering how far a decision made by it reversing a judgment of a state court is binding on the state court, it has held that only those matters which were actually considered and decided by it are foreclosed. Hartford Life Insurance Co. v. Blincoe, 255 U. S. 129, 65 L. Ed. 549, 41 S. Ct. 276.

We have held: "A mandate remanding a cause to a state supreme court for further proceedings not inconsistent with the opinion of the supreme court of the United States leaves open for further consideration undetermined issues arising exclusively under state law, if not mingled with any federal question considered or determined by either court." Engen v. Union State Bank, 121 Neb. 257, 236 N. W. 741. Certiorari denied, 284 U. S. 655, 76 L. Ed. 555, 52 S. Ct. 33.

As we have pointed out, in its opinion the Supreme Court of the United States said: "When the corrective process is

provided by the state but error, in relation to the Federal question of constitutional violation, creeps into the record, we have the responsibility to review the state proceedings," citing Williams v. Kaiser, *supra*; Tompkins v. Missouri, 323 U. S. 485, 89 L. Ed. 370, 65 S. Ct. 370. Here, as we have said, the court proceeded on the assumption that habeas corpus in this state was available as a corrective process to the petitioner upon the facts which he alleged. As we have pointed out, that was an erroneous assumption.

In the Williams case the Supreme Court of the United States said: "Whatever the grounds of that decision (Missouri Supreme Court) it is binding on us insofar as state law is concerned." And further "It is a well established principle of this Court that before we will review a decision of a state court it must affirmatively appear from the record that the federal question was presented to the highest court of the State having jurisdiction and that its decision of the federal question was necessary to its determination of the cause. * * * And where the decision of the state court might have been either on a state ground or on a federal ground and the state ground is sufficient to sustain the judgment, the Court will not undertake to review it." The court further pointed out that Missouri had not suggested that its habeas corpus procedure was not available to petitioner. In the instant case we so held. In the Williams case the court said it had searched for an independent state ground to support the denial of the writ and found none. Here in our prior opinion we stated that "independent state ground." In the Williams case the Attorney General of Missouri went only so far as to say that the petition did not state facts sufficient to justify the appointment of counsel under the Missouri statute. That was held to be an insubstantial ground. Missouri suggested no other state ground. The court accordingly assumed in the Williams case that the denial by the Supreme Court of Missouri was for the reason that the petition stated no cause of action based on the federal right. Here our denial was based on the proposition that habeas corpus proceedings are not available as a rem-

edy under the facts which petitioner alleged. In the Williams case the Supreme Court of the United States said: " * * * if the independent ground was not a substantial or sufficient one, 'it will be presumed that the State court based its judgment on the law raising the Federal question, and this court will then take jurisdiction.' " There is no warrant for such a presumption in this case for the reasons which we have pointed out.

We do not consider our rules denying the use of the writ of habeas corpus under the circumstances here to be either not substantial or not sufficient. We find nothing in the opinion of the Supreme Court of the United States in the instant case indicating that it considers such grounds to be insubstantial. In White v. Ragen, 324 U. S. 760, 89 L. Ed. 932, 65 S. Ct. 978, the Supreme Court of the United States held not only that a decision of a state court that the remedy of habeas corpus is not available under the state practice was an adequate nonfederal ground, but also that it lacked jurisdiction to review such a decision of the state court.

In the Williams case the Supreme Court of the United States further said: "If perchance the Supreme Court of Missouri meant that some reason of state law precludes a decision of the federal question, that question is not foreclosed by this decision." Here we had stated that under the procedure and law of this state habeas corpus was not available to the petitioner in the situation he alleged.

Our action in again stating an independent state ground as the basis of our decision, and in refusing to grant the motion of petitioner, is not without precedent. Georgia Railway & Electric Co. v. City of Decatur, 297 U. S. 620, 80 L. Ed. 925, 56 S. Ct. 606; Georgia Power Co. v. City of Decatur, 181 Ga. 187, 182 S. E. 32; State ex rel. Anderson v. Brand, 214 Ind. 347, 13 N. E. 2d 955; Pauline Oil & Gas Co. v. Fischer, 191 Okl. 346, 130 P. 2d 305.

Were we to issue the mandate, in compliance with petitioner's motion, it would avail him nothing of advantage, for if he were to make the requisite proof in the trial court and avoid the defenses which the Supreme Court of the

United States said may be interposed, still, in keeping with the law of this state, the trial court would be required to deny the writ.

For the reasons given herein, the motion of petitioner is denied.

MOTION DENIED.

YEAGER, J., not participating.