## HAWK v. JONES, Warden.
### No. 13454.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1947.
Rehearing Denied May 19, 1947.

Henry Hawk, pro se.

Robert A. Nelson, Asst. Atty. Gen. of Nebraska (Walter R. Johnson, Atty. Gen., and H. Emerson Kokjer, Deputy Atty. Gen., on the brief), for appellant.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

This is an appeal from a dismissal of an application for a writ of habeas corpus. The trial court held that it was without jurisdiction to entertain the application, because, as its opinion discusses (Hawk v. Olson, D.C.Neb., 66 F.Supp. 195), appellant, a state prisoner, had not exhausted his possible state remedies, by an application for a writ of error coram nobis in the courts of Nebraska.

Appellant is an inmate of the penitentiary of Nebraska, under a life sentence by the courts of the State, for a conviction of murder. He has made other applications for a writ of habeas corpus, both to the state and to the federal courts,[1] all of which have been denied without any hearing upon his

charges of violation of federal constitutional rights.

One of these applications was made directly to the Nebraska Supreme Court, and another to the United States Supreme Court. The United States Supreme Court in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, denied this application on the ground that appellant appeared not to have exhausted the remedy of habeas corpus in the state courts. It construed the denial of his previous application to the Nebraska Supreme Court as merely a refusal by that Court to exercise its original jurisdiction and an intention to remit appellant to a proceeding through the appropriate state trial court. See 321 U.S. at page 116, 64 S.Ct. 448, 88 L.Ed. 572.

Appellant then made application for a writ to the District Court of Lancaster County, Nebraska, which dismissed the petition as failing to show a right to the writ. The Nebraska Supreme Court affirmed. Hawk v. Olson, 145 Neb. 306, 16 N.W.2d 181. The United States Supreme Court took the case on certiorari and reversed. Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 120, 90 L.Ed. 61. The opinion of the United States Supreme Court held that the application showed violations of the Fourteenth Amendment, if appellant was able to substantiate them, in that "no effective assistance of counsel was furnished in the critical time between the plea of not guilty and the calling of the jury"; that appellant had been "forced * * * to trial in such a way as to deprive him of the effective assistance of counsel" in the proceedings; and that he was convicted on perjured testimony "knowingly used by the Prosecuting Officials and the Trial Court." 326 U.S. at pages 273, 276, 278, 66 S.Ct. at page 117.

In reversing and remanding the case, the Court assumed that under Nebraska law appellant would be entitled to a hearing in his habeas corpus proceeding on the merits of these charges. But, after the remand, and on a motion by appellant in the Nebraska Supreme Court for a mandate requiring the trial court to give him such a hearing, the State Supreme Court held that

---

[1] Some of the history of appellant's efforts to obtain a writ is set out in the opinion in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

none of the questions indicated by the United States Supreme Court was a matter that could be determined in habeas corpus, under the scope of that proceeding in Nebraska. Hawk v. Olson, 146 Neb. 875, 22 N.W.2d 136. Its opinion declared that this independent state ground had been the basis of its decision in affirming the trial court's denial of appellant's application for a writ. 22 N.W.2d at page 138.

It said the Nebraska law was: "The regularity of the proceedings leading up to. a sentence in a criminal case cannot be inquired into on an application for a writ of habeas corpus, that matter being assailable only in a direct proceeding. When the judgment is regular upon its face and was given in an action where the court had jurisdiction of the offense and of the person of the defendant, extrinsic evidence is not admissible [in a habeas corpus proceeding] to show its invalidity." 22 N.W.2d at page 139. In other words, the Court held that under Nebraska law a criminal sentence can not be reached by habeas corpus, except on a question of jurisdiction of the offense or of the person of the defendant, or on a matter of invalidity from the face of the record itself.

The opinion added that "The question which petitioner now seeks to present could have been presented and determined by the trial court, in the first instance, on a motion for a new trial and if not determined there to his liking then by this court on a writ of error." 22 N.W.2d at page 140.

The Nebraska statute governing new trials in criminal cases, Neb.R.S.1943, § 29-2103, provides that a motion for a new trial must be filed at the term the verdict was rendered and within not more than three days after its rendition, unless unavoidably prevented, except that "where it shall be made to appear * * * that the defendant has discovered new evidence material to his defense which he could not with reasonable diligence have discovered and produced during the term within which the verdict upon which he was sentenced was rendered, the district court may set aside such sentence and grant a new trial; Provided, that such motion is filed within a reasonable time after the discovery of the new evidence; and provided, further, that

such motion must be filed within three years after the date of such verdict, and such motion and the procedure herein provided shall be the exclusive method and procedure for reviewing criminal cases after the expiration of the term at which such verdict is rendered."

Appellant argues that this statute, enacted in 1935, abolished the writ of error coram nobis as it may previously have existed in Nebraska; that there is no remedy for him to exhaust under the statute because more than three years have elapsed since his conviction in 1936; and that this situation, together with the fact that he cannot reach his sentence by habeas corpus in Nebraska, leaves him without any adequate and available remedy under state law and entitles him to a writ of habeas corpus from the federal courts.

The quoted statute, however, does not in terms abolish the writ of error coram nobis in Nebraska, which had previously been held to exist. See Carlsen v. State, 129 Neb. 84, 94–98, 261 N.W. 339; Newcomb v. State, 129 Neb. 69, 261 N.W. 348. And the Nebraska Supreme Court has not said that such was its significance, but, on the contrary, it has pointed out, since the statute was enacted and in appellant's own case, Hawk v. Olson, 145 Neb. 306, 16 N.W.2d 181, 183, that "The writ of error coram nobis has been recognized in this state." The United States Supreme Court too, in appellant's case, Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 450, 88 L.Ed. 572, observed, "Moreover, Nebraska recognizes and employs the common law writ of error coram nobis which, in circumstances in which habeas corpus will not lie, may be issued by the trial court as a remedy for infringement of constitutional right of the defendant in the course of the trial".

There also is no right here to declare, as appellant seeks to have us do, that in any event the remedy of coram nobis in Nebraska should, as to his situation, be regarded as "in practice unavailable or seriously inadequate," 321 U.S. at page 118, 64 S.Ct. at page 450, 88 L.Ed. 572. The writ of error coram nobis, from its very nature and purpose, is not one to which any court will presume to have given an all-inclusive definition in a single decision. The reported

cases primarily instance whether the writ is or is not appropriate in a certain situation. Thus the Nebraska Supreme Court expressly pointed out in Carlsen v. State, 129 Neb. 84, 98, 261 N.W. 339, 346, that "In order to decide this case, it is necessary to determine the scope of the writ of error coram nobis only so far as applicable herein."

We are not at liberty therefore to say at this time that the Nebraska Supreme Court will hold that a denial of the effective assistance of counsel, violative of due process under the Fourteenth Amendment, is not within the scope of the writ of error coram nobis in that State. Cases are not lacking that suggest that want of effective assistance of counsel can under some circumstances be within the scope of such a writ. See e. g. People v. Long, 346 Ill. 646, 178 N.E. 918, 920; People v. Wojdas, 309 Ill.App. 382, 33 N.E.2d 136, 137; State ex rel. Dowd v. Superior Court of La Porte Co., 219 Ind. 17, 36 N.E.2d 765, 766; Irwin v. State, 220 Ind. 228, 41 N.E.2d 809, 813. We must accordingly hold, as the United States Supreme Court declared in appellant's own case, that "Until that remedy has been sought without avail [through the Nebraska courts] we cannot say that petitioner's state remedies have been exhausted." Ex parte Hawk, supra, 321 U.S. at page 116, 64 S.Ct. 448, 88 L.Ed. 572.

A federal court may not lightly conclude that a state has failed to provide its courts with jurisdiction or adequate process to set aside a conviction in which there has been a violation of federal constitutional rights. Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868; Smith v. O'Grady, 312 U.S. 329, 331, 61 S.Ct. 572, 85 L.Ed. 859; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. And a federal court must also assume that the courts of a state, and especially its highest court, in the co-equal duty under Art. 6, cl. 2, of the Constitution to vindicate federal constitutional rights, will exercise every power possessed by them to correct a violation of such rights in a criminal conviction, if the situation fairly and justly on the circumstances calls for relief. A federal court cannot accept jurisdiction in habeas corpus on the basis of a doubt which it may have in these two matters.

It only remains to be added that, even if appellant were right in his contention that Neb.R.S.1943, § 29-2103, quoted above, with its limitation of three years for seeking relief under it, was intended to abolish the writ of error coram nobis and to serve as a substitute for that writ, and that the Nebraska courts will so hold, appellant is still faced with the direct barrier of Woods v. Nierstheimer, 328 U.S. 211, 216, 217, 66 S.Ct. 996, 999, 90 L.Ed. ——. That case involved a comparable situation under an Illinois statutory substitute for the writ of error coram nobis with a five-year limitation period, and the Court there said: "Nor do the denials of petitioner's applications for habeas corpus present a federal question merely because the five-year statute of limitations on the statutory substitute for the writ of error coram nobis has expired. * * * we do not know whether the state courts will construe the statute so as to deprive petitioner of his right to challenge a judgment rendered in violation of Constitutional guarantees where his action is brought more than five years after rendition of the judgment. Nor can we at this time pass upon the suggestion that the Illinois statute so construed would itself violate due process of law in that a denial of that remedy, together with a denial of the writ of habeas corpus, would, taken together, amount to a complete deprivation of a state remedy where Constitutional rights have been denied. We would reach that question only after a denial of the statutory substitute for the writ of error coram nobis based on the statute of limitations had been affirmed by the Supreme Court of the state."

We must affirm the order dismissing appellant's application for a writ.[2]

---

[2] Since the filing of our opinion in the present case, there has been published another decision by the Nebraska Supreme Court, Swanson v. State, 26 N.W.2d 595, holding that the writ of error coram still exists in that State.