**CANADA v. JONES, Warden.**

No. 13453.

Circuit Court of Appeals, Eighth Circuit.

April 18, 1947.

Rehearing Denied May 19, 1947.

John M. Canada, pro se.

Robert A. Nelson, Asst. Atty. Gen. of Nebraska (Walter R. Johnson, Atty. Gen., and H. Emerson Kokjer, Deputy Atty. Gen., on the brief), for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

Appellant seeks release, through habeas corpus, from imprisonment on a conviction of embezzlement by a Nebraska state court, based upon a plea of guilty. The District Court dismissed his application, without consideration of its grounds, because appellant had failed to exhaust his state remedies. We must affirm.

Like the District Court, we do not consider whether the application raises a federal question for, even if it does, appellant would not be entitled to a writ of habeas corpus at this time from a federal court. He has not attempted in any manner to have the Nebraska Supreme Court pass upon his rights, and plainly the situation is not one of those "rare cases" presenting "exceptional circumstances of peculiar urgency" where it might be possible to issue the writ without such a previous resort, as referred to in United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 3, 70 L.Ed. 138, and Ex parte Hawk, 321 U.S. 114, 117, 118, 64 S. Ct. 448, 88 L.Ed. 572.

The application here shows that appellant at one time brought a habeas corpus proceeding, and later a coram nobis proceeding, in the trial courts of the State. Each of these applications was dismissed by the trial court, and appellant took no appeal to the Nebraska Supreme Court, which had jurisdiction to review the dismissals.

A denial by a state trial court of corrective processes against a state conviction alleged to have violated federal rights is not an exhaustion of state remedies, for purposes of habeas corpus in the federal courts, where a right to a review by a state appellate court exists. The exhaustion of state remedies means a resort to "all state remedies available, including all appellate remedies in the state courts." Ex parte Hawk, supra, 321 U.S. at page 117, 64 S.Ct. at page 450, 88 L.Ed. 572. And, "Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not exhausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to [the United States Supreme

Court] on certiorari or appeal from the state court decision." White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 981, 89 L.Ed. 1348.

Appellant has alleged that the court which ordered his imprisonment had no jurisdiction of the offense or of his person and that his sentence is void on the face of the record. We do not examine whether the facts set out in the application support these allegations, but, if they do, the questions would seem to be justiciable under the scope of a habeas corpus proceeding in Nebraska. See Hawk v. Olson, 146 Neb. 875, 22 N.W.2d 136. At any rate, they are questions which appellant claimed in the state·trial court were justiciable in such a proceeding.

Appellant has further alleged that his conviction was obtained through "the known use [by the prosecuting attorney] of a false and manufactured accusation set out in the information," and it appears from his brief that he assumes that he has also charged that he was induced to plead guilty to the information through ignorance, fear and improper persuasion by his attorney. Again, as to these allegations, we do not examine whether they are supported by the facts which he has set out in the application. They at least are matters which appellant claimed in the state trial court were justiciable in a coram nobis proceeding, and for which, as discussed in Hawk v. Jones, 8 Cir., 160 F.2d 807, we cannot at this time say that the writ of error coram nobis or Neb.R.S.1943, § 29-2103, relating to new trials in criminal cases, would not be an available remedy in Nebraska, if a federal right has been violated.

As we have stated, appellant cannot claim to have exhausted his possible, available, state remedies, merely because his applications for habeas corpus and coram nobis have been denied by a trial court.

There is no need to discuss appellant's other contentions. In so far as any possible federal questions might be involved, the situation would be controlled here by what has been said above and in our opinion in Hawk v. Jones, supra.

Affirmed.