H. C. BUSBOOM, APPELLEE, v. CONRAD SCHMIDT ET AL., APPELLANTS.

FILED JUNE 16, 1913. No. 16,914.

1. **Pleading:** DEMURRER: ADMISSIONS. A demurrer to a pleading admits only such facts as are well pleaded, mere conclusions of the pleader not being admitted.

2. **Appeal:** REVIEW. The objection that an unverified pleading, which has been superseded by an amended pleading, is inadmissible in evidence against the pleader, to be available on review, should be made in the trial court.

3. ———: INSTRUCTIONS: HARMLESS ERROR. In a suit on a note, an instruction withdrawing from the jury the defense of want of consideration *held* not erroneous, where defendants by their own testimony proved a valid consideration.

APPEAL from the district court for Seward county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*Landis & Schick* and *E. J. Clements,* for appellants.

*Norval Bros., contra.*

ROSE, J.

This is an action on a promissory note for $900, dated May 1, 1905, and payable May 1, 1906. The payee, H. C. Busboom, is plaintiff, and the makers, Conrad Schmidt and Fred Schmidt, are defendants. The answer of Fred Schmidt was a general denial. Conrad Schmidt pleaded (1) want of consideration; (2) accord and satisfaction; and (3) lobbying as the consideration. From a judgment

in favor of plaintiff for the full amount of the note and interest, defendants have appealed.

1. To the third defense mentioned the trial court sustained a demurrer, and the correctness of this ruling is the first question presented. Was a lobbying contract properly pleaded as the consideration for the note? That part of the answer challenged by the demurrer contains the averment that the payee agreed to "lobby" for a license for the makers of the note, and the agreement to do so is characterized as a "lobbying contract," but facts showing that the use or employment of unlawful means on the part of plaintiff was contemplated by the parties are not properly alleged. A demurrer to a pleading admits such facts only as are well pleaded. "Lobby" and "lobbying," without stating the facts constituting such acts, are mere conclusions of the pleader not admitted by the demurrer. It is clear, therefore, that lobbying as an illegal consideration was not well pleaded, when the third defense is searched by demurrer.

2. Complaint is made because the trial court received in evidence part of an original pleading or answer admitting the execution of the note, though that fact was denied in an amended answer. The objection now is that the superseded answer was not signed or verified by the answering defendant, and that there is nothing to show he had any knowledge of its contents. The record does not contain an objection in the trial court on this ground. The execution of the note was proved by other testimony. The assignment of error is therefore overruled.

3. It is argued that the court erred in instructing the jury to return a verdict for plaintiff, if the defense of accord and satisfaction had not been shown by a preponderance of the evidence; the effect being to withdraw the defense of want of consideration. Defendants have no reason to complain of this instruction. By their own testimony they proved a valid consideration.

There is no error in the record.

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.