## STATE OF NEBRASKA V. ART BOYD.

FILED JUNE 27, 1928. No. 26579.

*O. S. Spillman, Attorney General, Lloyd Dort* and *George Heinke,* for plaintiff in error.

*Dale P. Stough, contra.*

Heard before GOSS, C. J., THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

REDICK, District Judge.

Application for a writ *coram nobis.* The facts necessary for a proper understanding of the question submitted are as follows: The applicant, Art Boyd, hereinafter referred to as defendant, on November 15, 1924, was sentenced by the district court for Otoe county to the penitentiary of this state to serve not less than three years nor more than ten years for the crime of burglary. He was thereafter committed to the penitentiary and there remains. On February 17, 1928, he filed this application for a writ *coram nobis* to correct said judgment and sentence on the ground that the same was erroneous in this, that the court should have pronounced a determinate sentence—one for a definite period of time. It appeared upon the hearing of the application that the defendant, prior to his conviction of the crime of burglary, had been confined in a penitentiary in the state of Iowa; that this fact was not known to the judge pronouncing sentence and did not appear of record in that proceeding at the time sentence was passed.

Under the statutes, the period of punishment for the crime charged was from one to ten years, the term to be fixed by the trial court; but by section 10248, Comp. St. 1922, the court was given power to impose an indeterminate sentence: "But the court imposing such sentence may in its discretion and providing such person has not previously been confined in any penitentiary impose upon such

person an indeterminate sentence." "This indeterminate sentence might be for any period within the minimum and maximum periods provided as penalty for the crime charged. The writ was allowed by the district court April 4, 1928, and corrected judgment entered sentencing defendant to the penitentiary for a period of five years from and after November 15, 1924, and the state appeals. Two questions are presented by the record:

    (1) Does the common-law remedy by writ *coram nobis* exist in this state?

    (2) Do the facts shown by the record present a proper case for the allowance of the writ?

1. The first question is one of great importance and interest, and is new in this jurisdiction. Its decision presents alluring opportunities for a display of learning and research not often offered in these practical times, but we must decline to enter the attractive field of its discussion for the reason that it is not necessary for the proper disposition of the case before the court. Two reasons for our refusal will be readily understood: First, the expenditure of time, space and labor upon a question not affecting the rights of the defendant; and, second, the authority of a decision under such circumstances would be subject to question as a precedent.

2. For the purposes of this case it may be assumed that the remedy exists, and we are now to determine whether the case presented is a proper one for its application. The purpose of the writ is to bring into the record a fact not already there and unknown to the court, which, if it had been known, would have resulted in a different judgment than the one pronounced. 'It would seem, therefore, that the case presented complies with the conditions above noted. It is conceded that the fact of the defendant's previous confinement in the penitentiary does not appear of record and was not known to the judge pronouncing sentence. But the cases seem to be of one accord upon the proposition that, before the writ will issue, it must appear that the failure of the record to show the fact in question

was due to no negligence of the party applying and was unknown to him. 16 C. J. 1326, sec. 3118; *Bennett v. State,* 106 Miss. 103; *Bigham v. Brewer,* 4 Sneed (Tenn.) 432. Or where the party was prevented from asserting or enjoying some right through duress, fraud, or mistake. *Wheeler v. State,* 158 Ind. 687; *State v. Stanley,* 225 Mo. 525. And *Marble v. Vanhorn,* 53 Mo. App. 361, in which it was said: "There is another important rule found in this branch of the law, viz., that where the party complaining knew the fact, or might have known it, and failed to bring it to the attention of the court, he cannot afterwards do so"—citing 3 Bacon's Abridgements, 375.

The reason for the rule is apparent. If the defendant has knowledge of a fact which, if divulged, would be for his benefit, he should not be permitted to conceal such fact, take his chance upon the issue, and, being disappointed therewith, ask the court to relieve him from the consequences of his own intentional or negligent act. To allow such procedure would countenance trifling with the courts to an extent very much greater than their tenderness for the rights of persons accused of crime already has permitted. It is presumed that defendant and his counsel knew the law, and if it was thought to be to his advantage that a determinate sentence be pronounced against him, it was his duty to advise the court of the fact which would entitle him to such sentence. He had ample opportunity so to do when inquired of by the judge, as was his duty under the statute, whether he could show any cause why the judgment of the court should not be pronounced against him. He made no showing, and the court pronounced sentence in exact conformity with the statute. This judgment was regular in form and was without error so far as appeared from the record. Had the fact now sought to be brought into the record appeared therein, the judgment would have been erroneous and subject to reversal upon appeal by defendant, but being regular upon its face, and in a case of which the court had jurisdiction of the subject-matter and the person of the defendant, it was not

void. We so held in *Hulbert v. Fenton,* 115 Neb. 818, where an indeterminate sentence had been pronounced upon a defendant who had been previously confined in a penitentiary, but which fact did not appear upon the record. That was an application for a writ of habeas corpus, but is equally applicable to the present proceedings.

It is argued by defendant: "It will hardly be presumed by this court that, unless appellee, the defendant, was asked concerning his past life or former career, he would have had an opportunity or would have known how to rise up in court and voluntarily pour into the ears of the court the details of his past life." The point is not without force, but we think there *is* a presumption that, prior to the final act of the drama, the defendant would bring to the notice of the court any facts concerning his career which would be for his benefit or advantage in the critical situation in which he was placed. He now appears to have discovered that the fact in question, if known, would have resulted in a more lenient sentence; the controlling fact was one of which he alone, apparently, had knowledge; it was his right and privilege to make it known to the court, and it is now too late to secure the benefit of it.

The judgment of the district court is reversed and proceedings dismissed.

REVERSED AND DISMISSED.