MICHAEL J. MCFADDEN ET AL., APPELLEES, v. GEORGE DENTER ET AL., APPELLANTS.

FILED FEBRUARY 13, 1929. No. 26348.

*Beeler, Crosby & Baskins,* for appellants.

*M. M. Maupin,* and *Halligan, Beatty & Halligan, contra.*

Heard before GOSS, C. J., ROSE, DEAN, THOMPSON and DAY, JJ., and ELDRED and REDICK, District Judges.

ROSE, J.

This is a suit for an injunction to prevent the county commissioners of Keith county and a road overseer from interfering with fences that plaintiffs had constructed in a public highway. Plaintiffs own and operate a cattle-ranch intersected by a section-line road running north and south between sections 14 and 15 and between sections 10 and 11 in township 14, north, range 35, Keith county. November 26, 1917, the county board declared the line between the sections described to be a public road and, January 10, 1918, plaintiffs received damages resulting from the opening thereof. The land was not fenced on either side of the road from north to south, but there were fences running east and west along the southern and northern boundaries of the ranch. The grazing of cattle on both sides of the road was the principal purpose for which the lands were used. To prevent live stock from escaping from the pasture, plaintiffs extended their fences into the road and there connected them with a combined cattle-guard and an unobstructed runway for motor vehicles. Over a pit the runway was constructed of timbers with spaces between. In each fence where it extended into the road there was also a gate for general purposes. The petition of plaintiffs contains the plea that in extending their fences into the road they complied with the legislative act containing the following provisions:

"In that territory in the State of Nebraska bounded in the Act of Congress of April 28, 1904, commonly known as the 'Kinkaid Act,' contained in the Federal Statutes Annotated, second edition, volume 8, page 611, it shall be law-

ful for the owner or legal occupant of lands in said territory inclosed and used for pasture of stock, to erect motor vehicle crossings, stock-guards and gates across public highways as hereinafter provided.

"The owner or occupant of the land shall have the right to construct and maintain at his own expense a safe crossing for automobiles and motor vehicles across public highways in said territory, by digging a pit not less than three feet deep and six feet long and nine feet wide. The top of said pit shall be covered by timbers not less than 4 by 6 placed not more than six inches apart, supported by sills and posts of sufficient strength to carry a weight of three tons; the same to be securely constructed in good workmanlike manner, of good material.

"At the point where said cattle-guard and crossing is constructed it shall be the duty of the owner or occupant of the land at the same time to erect a gate or gates not less than twelve feet wide and free from obstruction at the top." Laws, 1923, ch. 130, secs. 1, 2, 3.

Defendants removed the fences from the roadway and threatened to prevent plaintiffs from maintaining them there in the future.

The defense pleaded in the answer to the petition is that the enactments quoted are void as being inhibited by the constitutional provisions that the legislators shall not pass local or special laws "laying out, opening, altering and working roads or highways;" or "vacating roads;" or "granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever." Const., art. III, sec. 18.

Upon a trial of the cause the district court upheld the act of the state legislature and granted a permanent injunction preventing defendants from interfering with plaintiffs' fences in the highway. Defendants appealed.

Defendants concede that the question presented by the appeal is the validity of the act permitting owners or others in control of land to extend fences into roads in the region described in the "Kinkaid Act," a federal statute relating

to homestead entries in semi-arid regions of Nebraska. 8 Fed. St. Ann. 611. For the purposes of homestead entries the Kinkaid Act divides Nebraska by a zigzag line between counties extending from the southwest corner of Red Willow county on the Kansas line to the northwest corner of Knox county on the South Dakota line. The ranch of plaintiffs is in the territory west of the zigzag line described.

Defendants argue that the act under consideration is local, class and special legislation forbidden by the constitutional provisions cited. The west end of the state varies from the east end in altitude, climate, moisture and soil. The region to which the act applies is adapted generally to grazing and stock raising. For those purposes large tracts of land are controlled by individual owners or lessees. Cattle-ranches with areas of many square miles of grazing land in a body are common in the cattle country. Stock raising affects the general supply of food everywhere and calls for legislative protection. It has already been held that "protecting the sources of food supplies is a legitimate function of government." *Fisher v. Board of Regents,* 108 Neb. 666. Fencing lands on both sides of a highway through pastures in populous agricultural districts might be necessary, while such a system would be a serious and objectionable handicap in the vast semi-arid grazing regions of the west where cattle raising is the principal industry. Legislation applicable alone to the western area of the state is not forbidden by the Constitution. Laws in force in one county may be inapplicable to another owing to different conditions. Cities of different classes are governed by different charters. Avocations, enterprises, industries and individuals may be reasonably classified by the legislature for the purpose of legislation applicable alone to one class, without violating the constitutional provisions under consideration. *Fisher v. Board of Regents,* 108 Neb. 666. The following is settled law:

"The legislature may make a reasonable classification, resting on grounds of public policy, or some substantial

difference of situation or circumstances that would natur-ally suggest the justice or expediency of diverse legislation with respect to the objects classified." *Dougherty v. Kubat,* 67 Neb. 269; *State v. Farmers & Merchants Irrigation Co.,* 59 Neb. 1; *Cleland v. Anderson,* 66 Neb. 252.

The act assailed by defendants as void seems to meet the test of reasonableness. For the public welfare restraints may be imposed on individuals. In populous cities drivers of automobiles may be required to stop before passing a school building. In sparsely settled grazing regions where the highway traffic is light it does not seem unreasonable to permit a ranchman to construct and maintain in a public road a combined cattle-guard and unobstructed runway for motor vehicles and thus compel drivers of automobiles to momentarily slacken their speed—just what may be necessary at any public crossing. Cattlemen and pedestrians who maintain gates on their own premises will not be unreasonably inconvenienced by gates in highways. The legislature may confine public travel to part of a highway. This happens where there are narrow bridges, gutters, and telephone, telegraph, power wires, and other partial obstructions in streets or roads.

Where the constitutionality of a statute is attacked the courts presume that the lawmakers acted with full knowledge of the subject of legislation and that the statute is valid. In the present instance these presumptions have not been overthrown by evidence or reasons to the contrary. The invalidity of the act has not been shown.

The statutes imposing upon the county board the duty to open and repair roads have not in direct terms been repealed. Whether in performing that duty county officers may temporarily remove fences legally constructed and maintained is a question not presented or determined. Defendants refused to permit plaintiffs to exercise any right under the legislation assailed and threatened to pursue the same course in the future. The injunction, therefore, was properly granted, since the act is not invalid on any ground pleaded as a defense.

AFFIRMED.