## HERSHBERGER v. UNITED STATES.

### No. 8362.

Circuit Court of Appeals, Seventh Circuit.

Nov. 10, 1943.

Edward H. S. Martin, of Chicago, Ill., for appellant.

Keith L. Seegmiller, Asst. U. S. Atty., of Washington, D. C., Alexander M. Campbell, U. S. Atty., of Fort Wayne, Ind., Luther M. Swygert, Asst. U. S. Atty., of South Bend, Ind., Francis M. Shea, Asst. Atty. Gen., and Lester P. Schoene, Director, Bureau of War Risk Litigation, and Wilbur C. Pickett, Asst. Director, Bureau of War Risk Litigation, both of Washington, D. C., for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On April 26, 1935, the plaintiff-appellant filed suit in the District Court for the Northern District of Indiana against the United States on a war risk insurance policy.

On September 13, 1935, the defendant filed a plea in abatement, challenging the capacity of the plaintiff to sue on the ground that he was of unsound mind. Reply to the plea in abatement was filed on December 31, 1935. On the issue thus formed on the plea in abatement, a jury was waived by the parties, and the matter was submitted on February 6, 1936, to the court for trial without the intervention of a jury. After hearing the evidence, the court took the matter under advisement, and on May 19, 1938, found in favor of the plaintiff on the issues formed as to the plea in abatement.

On August 18, 1938, the defendant filed an answer to the complaint on the merits. On April 8, 1943, the plaintiff filed a supplemental complaint in which he claimed the right to recover such additional payments as had accrued under the policy since the complaint had been originally filed. On this issue, the cause was submitted to a jury, and, after a trial consuming four days, the jury returned a verdict in favor of the defendant. Upon this verdict, the court entered its judgment on April 28, 1943. From this judgment the plaintiff has appealed.

It is the contention of the plaintiff that on May 19, 1938, when the court determined the issues in favor of the plaintiff on the plea in abatement after a trial on the facts tendered by that issue, he was entitled to a judgment quod recuperet, and that only the amount of his recovery, which was a matter of simple calculation from the pleadings on file, remained to be determined. The plaintiff insists that this was the judgment he was entitled to because at the time of the decision under the plea in abatement, the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, had not become effective, and that the Conformity Act, 28 U.S.C.A. § 724, did not apply, since the suit on a war risk insurance policy is a special proceeding that could be brought only in the Federal courts and therefore there could be no "like causes" in the State courts. Therefore, the rule that existed at common law that upon a determination of an issue of fact in favor of the plaintiff on a plea in abatement, the plaintiff was entitled to judgment quod recuperet, must be applied. Such seems to have been the rule at common law. Greer v. Young, 120 Ill. 184, 191, 11 N.E. 167; Atkinson v. State Bank, 5 Blackf., Ind., 84, 85.

We shall assume for the sake of this case that the Federal Rules of Civil Procedure and the Conformity Act did not apply, and that the common law rule did.

At the place in the proceedings at which the plaintiff became entitled under the common law to a judgment quod recuperet, he did not ask the court to enter such a judgment. Consequently, the court was never permitted to pass upon the question of whether or not the plaintiff was entitled to such judgment. Errors of the trial court are not presumed, and until there has been a showing that the trial court committed error, there can be no reversal. The trial court cannot commit error until it has had an opportunity to commit error. For this reason, it has been con-

sistently held by this and other appellate courts that nonjurisdictional issues which were not presented in the court below cannot be considered here. Certainly, this record presents no evidence of error in the rendition of the judgment appealed from.

■ The plaintiff's contention is that somewhere along the line he should have had relief he did not ask for or insist upon. Whether or not he was entitled to that relief was a question the trial court had a right to pass upon. Since the trial court was not given the opportunity to rule upon the question of whether or not the plaintiff was entitled to judgment quod recuperet, it could not be charged here for the first time with having committed error. Richter v. Hoglund, 7 Cir., 132 F.2d 748, 753; Roberts v. Metropolitan Life Ins. Co., 7 Cir., 94 F.2d 277, 279; Towle v. Pullen, 7 Cir., 238 F. 107, 111.

For another good and substantial reason, it seems to us that the plaintiff's view should not prevail. After the issue on the plea in abatement was determined in the plaintiff's favor, the plaintiff did not ask for judgment quod recuperet, as we have pointed out. Without objection on the part of the plaintiff, the defendant was permitted to file an answer to the complaint on the merits. Thereafter, the plaintiff himself filed a supplement to his complaint, in which he claimed the right to recover sums in addition to what he would have been entitled to recover at the time the issues were determined on the plea in abatement. On the issue tendered on the merits, the parties went to trial before a jury and consumed four days in the trial. While he record of the trial proceedings is not before us, it is quite apparent that a trial on the merits was had in the District Court, as it would not have taken four days to determine the issue as to the amount the plaintiff was entitled to recover, when this was a matter of simple calculation on the face of the pleadings that would not have consumed more than two or three minutes.

Thus, we have the situation of the plaintiff standing mute at the time he claims to have been entitled to judgment quod recuperet, and participating thereafter in the formulation of issues on the merits and in the trial thereof, and, after he had had his chance on the merits to the jury and had lost, insisting that the court should turn back in the proceedings and grant him judgment quod recuperet at the time the issue on the plea in abatement was determined.

■ This, the plaintiff contends, must be so because it must be presumed that all that took place after the determination of the issues on the plea in abatement was for the purpose of determining the amount of the plaintiff's recovery. We know of no such presumption, and we do not think the plaintiff was entitled to the benefit of any such presumption. The plaintiff had just proved his capacity to be in court, and he was there, represented by able counsel. The presumption is that he and his attorneys knew the law that they were entitled at a certain stage in the proceedings to a judgment quod recuperet, and knew that this was a right that was not absolute but could be waived.

■ We think it clear on the face of this record that if the plaintiff ever had the right to judgment quod recuperet, he waived it. The plaintiff will not be permitted to stand mute before the court concerning rights to which he claims to be entitled and proceed to formulate another issue and have his chance with the jury on that, and if unsuccessful, then turn back and ask the court to grant him rights which he might have claimed previously, but did not.

■ There is another ancient rule of law cited in 3 Bacon's Abridgements, 375, which reads as follows: "There is another important rule found in this branch of the law, viz: That where the party complaining knew the fact, or might have known it, and failed to bring it to the attention of the court he cannot afterwards do so."

Commenting upon this rule, the Supreme Court of Nebraska in State v. Boyd, 117 Neb. 320, 220 N.W. 281, 282, 58 A.L.R. 1283, said: "The reason for the rule is apparent. If the defendant has knowledge of a fact which, if divulged, would be for his benefit, he should not be permitted to conceal such fact, take his chance upon the issue, and, being disappointed therewith, ask the court to relieve him from the consequences of his own intentional or negligent act. To allow such procedure would countenance trifling with the courts to an extent very much greater than their tenderness for the rights of persons accused of crime already has permitted. It is presumed that defendant and his counsel knew the law, and if it was thought to be to his advantage that a

**518**

determinate sentence be pronounced against him, it was his duty to advise the court of the fact which would entitle him to such sentence. He had ample opportunity so to do when inquired of by the judge, as was his duty under the statute, whether he could show any cause why the judgment of the court should not be pronounced against him. He made no showing, and the court pronounced sentence in exact conformity with the statute. This judgment was regular in form and was without error so far as appeared from the record."

We think the plaintiff waived any rights he might have had to a judgment quod recuperet. The harsh rule he contends for is an anachronism of ancient common law pleading, and its use in modern times is wholly at variance with the attempt to simplify pleadings and reach an early conclusion upon the merits.

There was no error in the judgment rendered by the District Court. The judgment is affirmed.