HENRY A. SWANSON, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

26 N. W. 2d 595

Filed March 28, 1947. No. 32205.

*Henry A. Swanson, pro se,* for appellant.

*Walter R. Johnson,* Attorney General, and *Erwin A. Jones,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

The plaintiff filed an application for a writ of error coram nobis in the district court for Dawson county on July 31, 1946, to which the State of Nebraska as defendant demurred. The trial court sustained the demurrer for the reason that the application for writ of error coram nobis did not state facts sufficient to justify its issuance. Plaintiff appeals.

It appears from the the application for the writ of error coram nobis that the applicant was convicted of the crime of murder in the first degree, and sentenced to life imprisonment in the state penitentiary, having been committed December 5, 1939. The applicant and his wife were divorced in 1937. The custody of a five-year-old son of the couple was awarded to the mother and, by arrangement of the parties, the father was privileged to visit with and take the son with him on occasions. On October 23, 1939, while on an errand to his pasture, the applicant stopped at the Herbert Malm farm where his divorced wife was staying with the child, for the purpose of taking the child on a visit with him in to town. During the time he was there trouble occurred and, as a result, Malm was killed. Thereafter the applicant was charged with murder in the first degree.

The plaintiff and applicant, hereinafter referred to as the appellant, contends that in the trial, conviction, and commitment, he was deprived of the equal protection of the laws within the meaning of the due process provision of the Constitution of the United States and the Constitution of the State of Nebraska.

The ancient common-law writ of error coram nobis exists under the Nebraska Constitution and laws. See Carlsen v. State, 129 Neb. 84, 261 N. W. 339; Newcomb v. State, 129 Neb. 69, 261 N. W. 348.

In Carlsen v. State, *supra,* this court held: "The common-law writ of error coram nobis to bring into the record facts which were unknown to the defendant at the time of trial through no lack of reasonable diligence on his part, which, if known at the time of the trial, would have resulted in a different judgment, exists in this state under section 49-101, Comp. St. 1929 (now section 49-101, R. S. 1943)."

"It is stated in 2 R. C. L. 307, sec. 262: 'The purpose of the writ of coram nobis is to bring before the court rendering the judgment matters of fact which if known

at the time the judgment was rendered would have prevented its rendition.'" Carlsen v. State, *supra.* See, also, Hawk v. Olson, 145 Neb. 306, 16 N. W. 2d 181.

And, as expressed in Stephenson v. State, 205 Ind. 141, 179 N. E. 633, 186 N. E. 293: "The purpose of a writ of error coram nobis is to enable the court to recall some adjudication, made while some fact existed which, if before the court, would have prevented rendition of the judgment, and which, through no fault of the party, was not presented."

The application must set out the facts which would have prevented the rendition of the judgment and the evidence by which the existing facts can be proved, and must allege facts showing that by the exercise of diligence the petitioner would not have been able, and was not able, to produce the facts relied upon at the trial or before judgment. See 24 C. J. S., Criminal Law, § 1606 (6), p. 154. See, also, Stephenson v. State, *supra.*

It is a well established rule of law in this jurisdiction that: "A demurrer to a pleading admits only such facts as are well pleaded, mere conclusions of the pleader not being admitted." Busboom v. Schmidt, 94 Neb. 30, 142 N. W. 290. See, also, Carlsen v. State, *supra.*

With the foregoing authorities in mind, we proceed to a determination of this appeal by an examination of the record.

The appellant, in support of his contention, asserts he was deprived of regular and careful preparation, and effective representation by counsel at the trial.

The application for writ of error coram nobis discloses, in substance, that a law firm was employed to defend the appellant, by his father. To such employment the appellant claims he objected, his reason being that he did not think it well to have counsel unfamiliar with local conditions and handicapped by distance. The senior member of such law firm became ill and died before the trial was had in the district court. Apparently there was an application for a continuance due to the

illness of the senior member, requesting further time to prepare the case. The record does not show this application, or any affidavit in support thereof, or the ruling of the court thereon. Subsequent to the death of the senior member of the law firm employed, the other member of the firm carried on the defense of the appellant at the trial, with the assistance of local counsel.

In this connection, the appellant asserts that he was deprived of the defense of self-defense; that he was defended on the grounds of insanity and the unwritten law, and that at all times he was sane and can make adequate proof of such fact. He further contends that a map of the premises disclosing the buildings and location of them and certain other matters appearing thereon, was not introduced in evidence; also, that the five-year-old son was not called to testify; and that available witnesses were not called. The appellant further contends that he thought the case had been appealed to the Supreme Court of this state, and was advised when he made inquiry in January 1946, that the case had not been appealed.

The selection of counsel for the defense was a matter which was entirely within the province of the appellant and the members of his family. The state had nothing to do with the selection of counsel for the appellant. All of the matters upon which the appellant complains, with respect to selection of counsel to defend him, were known to him before the trial, or before the close of the trial.

An application for a writ of coram nobis will be denied, in the absence of a showing that the alleged acts of inefficiency on the part of the petitioner's counsel upon which the motion for the writ was predicated were not known, or by the exercise of reasonable diligence could not have been known, by the petitioner, before the close of the trial. See Mandell v. People, 76 Colo. 296, 231 P. 199.

The appellant asserts he desired to interpose the defense of self-defense. If this be a fact, it was known by the appellant at the time of the trial, and whether or not his counsel prepared a proper defense was a matter resting primarily with such counsel and the appellant, and was known at the time of the preparation for, and at the time of, the trial. It was also known to the appellant that the map, which he claims should have been introduced in evidence, was not so introduced at the time of the trial. Reasonable diligence would have disclosed whether or not there had been a writ of error lodged in the Supreme Court of this state.

With reference to the statement appearing in the application wherein the appellant asserts witnesses were available to incidents preceding October 23, 1939, and since the divorce, and makes reference to the prepared statement set forth in such application, all such matters were known to the appellant prior to and at the time of the trial. It was also known to the appellant that during the progress of the trial these witnesses were not called, and there is nothing appearing in the application to show what they would have testified to, had they been called. As to the calling of his five-year-old son to testify, this was a matter between the appellant and his counsel at the time of the trial.

We have refrained from setting forth in detail the allegations of the application for writ of error coram nobis. The same constitute, almost in their entirety, conclusions of the pleader which are not, and cannot be, admitted by demurrer. However, assuming the truth of the allegations of fact well pleaded in the application, it is apparent that it alleges only matters that were known to the appellant during the time of the trial and obviously known to the appellant's counsel.

"A petition for a writ of error coram nobis is insufficient which, as a ground for its issuance, alleges only an error of fact which was known to the petitioner before the questioned judgment was rendered. Coram

nobis does not lie to bring into the record facts known to petitioner before judgment. State v. Boyd, 117 Neb. 320." Carlsen v. State, *supra.*

If it appears that the defendant knew of such facts but failed to disclose them to the court, the writ will be refused. See State v. Boyd, *supra.*

"If one negligently and intentionally fails to challenge the court's attention to facts within his knowledge, he cannot expect to be relieved of the consequences. 16 C. J. 1327." Carlsen v. State, *supra.*

"The reason for the rule is apparent. If the defendant has knowledge of a fact which, if divulged, would be for his benefit, he should not be permitted to conceal such fact, take his chance upon the issue, and, being disappointed therewith, ask the court to relieve him from the consequences of his own intentional or negligent act. To allow such procedure would countenance trifling with the courts to an extent very much greater than their tenderness for the rights of persons accused of crime already has permitted." State v. Boyd, *supra.*

Where the facts alleged are known to the applicant before or during the progress of the trial, or could have been known by the exercise of reasonable diligence, the writ must be denied. See Dobbs v. State, 63 Kan. 321, 65 P. 658.

"* * * the writ of error coram nobis is rather more limited than formerly as a common-law remedy. It is never used where the Code provides a remedy. It is only available where there is no other remedy for a wrong. It is consequently very limited in scope. * * * Its purpose is not, and never was, to permit a defendant to retry his case again and again. But, as pointed out heretofore, in certain cases, it provides a corrective judicial process that the Constitution guarantees shall not be denied." Carlsen v. State, *supra.*

The showing here is manifestly insufficient. We discern very little from the facts pleaded, and are only

advised of appellant's conclusions that they would have been of benefit to him at the trial. Many of the facts inserted, though not well pleaded, are not of a character that entitled the appellant to relief in this sort of proceeding, and it is probably true that many of the wholly immaterial assertions were inserted upon the unfounded supposition of the appellant. The appellant's contention is without merit.

For the reasons herein given, we conclude that the judgment of the district court in sustaining the demurrer to the application for the writ of error coram nobis should be, and is, affirmed.

AFFIRMED.