EVERETT SATTERFIELD, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

109 N. W. 2d 415

Filed May 26, 1961. No. 34964.

*E. L. Vogeltanz,* for plaintiff in error.

*Clarence A. H. Meyer,* Attorney General, and *Dwain L. Jones,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal from a conviction for transporting cattle from within the brand area to a point outside without first having a brand inspection.

The plaintiff in error, Everett Satterfield, hereinafter referred to as defendant, lists 24 assignments of error, nearly all of which are either not discussed or are improperly presented. Rule 8a2(4), Revised Rules of the Supreme Court of Nebraska, 1960, provides: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paraghaphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned." This rule disposes of most of defendant's assignments. However, we will hereinafter discuss all of the principal ones.

The defendant, on December 1, 1959, hired a trucking firm to transport branded cattle from Loup County, Nebraska, inside the brand area, to a ranch 17 miles east of St. Paul in Merrick County, which is outside the brand area. No brand inspection was made of the cattle. A brand inspector learned of this violation and caused a brand inspection to be conducted. On January 29, 1960, a complaint was filed against defendant in the county court of Loup County. A jury found the defendant guilty as charged, and he was fined $50 and ordered to pay the costs.

He appealed to the district court for Loup County, and

was found guilty by a jury. He was sentenced to pay a fine of $200 and costs, and to serve a term of 30 days in the county jail, which jail sentence was suspended. He appealed to this court.

The complaint on which defendant was tried in the district court did not bear a filing stamp until after the trial. There is no question it was in the court before and during the trial, but that the clerk of the district court neglected to place a filing stamp on it. Before the trial, defendant waived arraignment and entered a plea of not guilty to the complaint. After the trial the court entered a nunc pro tunc order to the effect that the complaint and original papers in the county court were admittedly filed October 24, 1960, before the defendant's plea, but that the clerk, through inadvertence and oversight, did not place the filing stamp upon them, and directed her to do so showing their filing as of October 24, 1960.

In Fisher v. Minor, 159 Neb. 247, 66 N. W. 2d 557, we said: "It is proper for a court to make an entry nunc pro tunc in order to correct its records so that they shall speak the truth."

As early as Garrison v. People, 6 Neb. 274, a rape case in which the clerk had failed to journalize an entry, we said: "Courts retain authority over their records after the entry of judgment, and possess authority to supply a record which has been lost or destroyed, and in doing so must be governed by the rules of evidence. A court may amend its record to correspond with the facts, and this may be done from the judge's notes, or any other satisfactory evidence." The defendant could not have been prejudiced by the failure of the clerk to stamp the complaint to show its filing date. The entry nunc pro tunc was entirely proper.

Defendant at several stages attempted to raise the constitutionality of sections 54-141 and 54-143, R. R. S. 1943. Section 54-143, R. R. S. 1943, provides as follows: "No owner, shipper, person, persons, firm, motor car-

rier, railroad company or other carrier or corporation or his, her, its or their agent or agents or servant or servants, shall move, drive, ship or transport, in any manner, any cattle from any point within the brand area to any point outside the brand area, unless such cattle shall first have a brand inspection by the Nebraska Brand Committee; Provided, if the line designating the brand area divides any ranch or farm, written permission may be given, at the discretion of the Nebraska Brand Committee, to the owner or owners of cattle on such ranch or farm to move the cattle in and out of the brand area without inspection. In cases of prosecution for violation of this section, venue may be established in the county of origin or any other county through which the cattle may pass in leaving the brand area."

Section 54-141, R. R. S. 1943, provides as follows: "The committee shall have the power and authority to pass rules and regulations relating to the administration of, but not inconsistent with the provisions of sections 54-134 to 54-156."

Defendant has restricted the issue of constitutionality to the above two sections. Consequently, we are restricting our discussion to them.

Defendant contends that section 54-143, R. R. S. 1943, provides a different right for people in different parts of the state and is discriminatory between citizens of the state. There is no question but that the act sought to remedy an evil existing in a certain area and operates equally upon, all persons located within that area. The area included in the act represents the cattle and range area of Nebraska. As such, it can be readily distinguished from the rest of the state.

In McFadden v. Denter, 118 Neb. 38, 223 N. W. 462, this court said: "Stock raising affects the general supply of food everywhere and calls for legislative protection. It has already been held that 'protecting the sources of food supplies is a legitimate function of government.'" We hold that legislation applicable alone

to a portion of the state is not for that reason forbidden by the Constitution when there is a reasonable relation between the objects of the legislation and the area to which it is applicable.

Without the inspection provided by section 54-143, R. R. S. 1943, of cattle leaving the brand area, the brand law would be ineffective. It is an essential part of the enforcement of the act.

The act affects all persons and not merely those who maintain residence in the area, and cannot be considered to be special legislation. In Bauer v. State Game, Forestation & Parks Commission, 138 Neb. 436, 293 N. W. 282, we held: "A statute is not special or local merely because it prohibits doing a thing in a certain locality. It is, notwithstanding this fact, a general law if it applies to all the citizens of the state, and deals with a matter of general concern."

Defendant argues that the provision of section 54-143, R. R. S. 1943, providing for trials in various counties, deprives defendant "of personal privilege and personal liberty, in having to be tried in some county not his residence." The defendant also argues that this provision is an unreasonable delegation of legislative authority to bring an action in any county. Defendant misconstrues the section. It is the Legislature which has established the venue "in the county of origin or any other county through which the cattle may pass in leaving the brand area." The act of transporting cattle is a continuing one. The violation is as improper in any county through which the cattle pass as it is in the county of origin.

Defendant contends further that no crime was committed in Loup County. The moving, shipping, and transporting of cattle from one point within the brand area without inspection brings the act into operation. The point of origin was Loup County. The action was properly brought in Loup County, the county of defendant's residence.

The defendant also argues that: "Sec. 54-143 describes the location of the brand area but leaves entirely to the Nebraska Brand Committee the inspection regulations and thus delegates and grants to an administrative agency legislative power." This statement from defendant's brief is not argued further or supported in any way by a reference to regulations alleged to be an exercise of legislative power by an administrative agency. Certainly defendant's mere statement of a conclusion is not sufficient to overcome a presumption of constitutionality. In any event, we believe the following from Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N. W. 2d 227, states the applicable rule: "The exercise of a legislatively-delegated authority to make rules and regulations to carry out an expressed legislative purpose, or for the complete operation and enforcement of a law with designated limitations and standards, is not an exercise of legislative power. It is administrative in its nature and its use by administrative agencies is usually essential to the complete and wise exercise of the power in the accomplishment of the purpose which the Legislature intended."

The defendant contends that instruction No. 5 of the trial court's instructions is improper because it tells the jury that the defendant is presumed by law to know that Loup County was in the brand area and that Merrick County was outside such area. This is not further discussed in the defendant's brief. We refer to it in passing, although we have ignored other like assignments, because of defendant's attempt at the trial to offer ignorance of the law as a defense. Suffice it to say that a person charged with the commission of a crime who has reached the age of accountability is conclusively presumed to know the law of the land, including both common law and statutory law. 22 C. J. S., Criminal Law, § 586, p. 901.

In City of Plattsmouth v. Murphy, 74 Neb. 749, 105 N. W. 293, we said: "Ignorantia juris neminem excu-

sat (Ignorance of law excuses no one) is a maxim sanctioned by centuries of experience."

Defendant filed a supplemental motion for new trial, attacking a jury panel which was drawn from the primary poll books rather than those of a general election. It has frequently been held by this court that provisions of statute relating to the selection of grand and petit jurors are mandatory and must be strictly followed. However, here the objection came too late.

In Brown v. State, 9 Neb. 157, 2 N. W. 378, it was held that as the law then stood, a district judge in calling a special term of court had no authority to order the sheriff to summon grand and petit jurors, but it was held that an objection to the mode of selecting the jury must be made by challenge or plea in abatement, and that after the accused had pleaded to the indictment it was too late to object that the jurors were not legally summoned.

In Davis v. State, 31 Neb. 247, 47 N. W. 854, we held: "Objections to the mode of selecting petit jurors must be made before trial to be of any avail."

There can be no question on the record presented but that the defendant received a fair trial. The trial court fully protected his rights at all stages of the proceedings, and all rulings made during the trial are strictly in accord with the law. The statute for the offense involved provides a penalty of a fine of not less than $50 and not more than $500, imprisonment in the county jail not to exceed 6 months, or both, in the discretion of the trial court.

The trial court, after passing sentence, attempted to suspend the jail term. Under the circumstances of this case, we find the imposition of a jail sentence is excessive. Under the authority of section 29-2308, R. R. S. 1943, the sentence is reduced to the payment of a fine of $200 and the costs of the action, and the judgment of the trial court is in all other respects affirmed.

AFFIRMED AS MODIFIED.