STATE OF NEBRASKA, APPELLEE, V. JOHN WILSON, APPELLANT.

234 N. W. 2d 208

Filed October 23, 1975. No. 40099.

Patrick J. Heaton, Jr., for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The appellant, after satisfying a 6-month jail sentence for possession of marijuana, filed a petition for a writ of error coram nobis. The county attorney of Cheyenne County, Nebraska, demurred to the petition. The District Court sustained the demurrer and dismissed the appellant's petition. The appellant appealed that decision. We affirm the decision of the District Court.

In November 1972, the appellant, an alien, was charged on two counts: For carrying a concealed weapon in violation of section 28-1001, R. R. S. 1943, and for possession of marijuana in violation of section 28-4,125(5), R. S. Supp., 1972. After plea bargaining with the county attorney, the appellant pleaded nolo contendere to the second count. The first count was then dismissed by the county attorney. In December 1972, the District Court entered judgment against the appellant for possession of marijuana and sentenced him to 6 months in the county jail. In May 1973, the District Court ordered the appellant's sentence suspended after the appellant had served 5 months of his jail sentence. In July 1973, an immigration judge ordered that the appellant be deported under Title 8 U.S.C., § 1251(a)(11), on account of his conviction for possession of marijuana. As a result of that determination, the appellant filed a petition for a writ of error coram nobis, claiming first, that he was denied due process of law at the arraignment proceedings when the District Court accepted his plea of nolo contendere without adequately informing him of his constitutional rights, and second, that he did not understand that his plea of nolo contendere would result in his deportation. The appellant makes those same assertions on appeal.

The test to be used in determining whether a writ of error coram nobis is applicable was clearly set out in the recent case of State v. Turner, *ante* p. 252, 231 N. W. 2d 345 (1975). In State v. Turner, *supra,* this court said that a writ of error coram nobis "reaches

only matters of fact, unknown to the applicant at the time of judgment, not discoverable by him with reasonable diligence, and which fact or facts are of such a nature that if known to the court they would have prevented the entry of judgment." See, also, Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561 (1949); Parker v. State, 178 Neb. 1, 131 N. W. 2d 678 (1964); Swanson v. State, 148 Neb. 155, 26 N. W. 2d 595 (1947). Thus a twofold test must be passed before the writ of error coram nobis can be utilized. First, do facts exist which could not have been reasonably discovered by a petitioner prior to the original entry of judgment? Second, would those same facts have necessarily caused the court to enter a different judgment? The answer must be "yes" to both questions, if the writ of error coram nobis is to be applicable.

In the case at hand, the facts conclusively show that both of the appellant's claims fail to meet the requirements of the test as given in State v. Turner, *supra*. As for appellant's first claim, that he was denied due process of law at the arraignment, it is obvious that a writ of error coram nobis was intended to remedy errors of fact, not errors of law. In State v. Turner, *supra*, this court said: "The remedy is not available to correct errors of law." Thus, since any alleged failure of the District Court to properly inform the appellant of his constitutional rights would clearly be an error of law, a writ of error coram nobis is not the appropriate remedy.

As for the appellant's second claim, that he was not aware that the immigration service would deport him, it is clear that this claim does not fulfill either requirement for application of a writ of error coram nobis.

In relation to the first requirement of the test, that there exists a fact which the appellant could not have reasonably discovered prior to entry of judgment, the appellant contends he did not know that he would be deported under a federal statute which, in fact, requires

mandatory deportation. It appears that the appellant was not aware of Title 8 U.S.C., section 1251(a), which provides: "Any alien in the United States * * * shall * * * be deported who * * * (11) * * * at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marihuana." However, the real question is: Was the appellant's ignorance of the existence of the federal statute reasonable? The answer is clearly "no." Ignorance of the law is no excuse. See, Satterfield v. State, 172 Neb. 275, 109 N. W. 2d 415 (1961); 22 C. J. S., Criminal Law, § 48, p. 183. The federal statute, Title 8 U.S.C., section 1251(a)(11), was available to both the appellant and to his attorney. The appellant's attorney in the original proceeding admits, through an affidavit, that he was in contact with an agent of the United States immigration service, prior to the appellant's nolo contendere plea, concerning the effect which a conviction of the charge of possession of marijuana might have on the appellant's status with the immigration service. The attorney discussed the possibility of the appellant's deportation if the appellant pleaded nolo contendere. After failing to receive a definitive reply, the attorney either failed to discover Title 8 U.S.C., section 1251(a)(11), under which aliens are automatically deported, or failed to realize that the appellant came under Title 8 U.S.C., section 1251(a)(11). In either event, the mistake of fact was not reasonable. Moreover, when petitioning for a writ of error coram nobis, the facts newly discovered by the petitioner must have been in existence at the time of the entry of judgment. In Swanson v. State, *supra,* this court said: "The purpose of a writ of error coram nobis is to enable the court to recall some adjudication, *made while some fact existed* which, if before the court, would have prevented rendition of the judgment, and which, through no fault of the party, was not presented." (Emphasis supplied.) Thus, since the fact of the appel-

lant's actual deportation order did not exist at the time of the entry of judgment, it is clear that a writ of error coram nobis is not an appropriate remedy in this case.

Regardless of the reasonableness of the appellant's failure to know the consequences of pleading nolo contendere, the second requirement of the test is not met. In order for a writ of error coram nobis to be applicable, the previously unknown facts. would necessarily have caused the court to enter a different judgment. Such is not the case here. Even if the District Court had been aware of Title 8 U.S.C., section 1251(a)(11), and its consequences for the appellant, there is no reason to believe that the District Court would have necessarily entered a different judgment. Thus, the second requirement of the test is not present in this case.

It is clear that under the test given in State v. Turner, *supra,* the facts presented in this case do not lend themselves to a writ of error coram nobis.

The decision of the District Court is correct and is affirmed.

AFFIRMED.