## CIRCUIT COURT OF FAIRFAX COUNTY

Manocha

v.

Commonwealth of Virginia

July 19, 1995

Case No. (Criminal) 72624

BY JUDGE ARTHUR B. VIEREGG, JR.

I have received and reviewed [the] petition for writ of error *coram nobis* dated April 27, 1995.

The purpose of this writ, which is authorized by Virginia Code § 8.01-677, is to afford a court the opportunity to correct errors on account of those facts not known at the time of trial and which could not have been presented by motion for a new trial, appeal, or any other existing statutory proceeding. *Dobie v. Commonwealth*, 198 Va. 762 (1957).

In [the] lengthy petition, the following circumstances [are raised] to support the issuance of the writ of *coram nobis*:

1. That the sentences of this Court exceed the aggregate sentences authorized by law. Petition, ¶ 4.

2. That the Court was unaware that the Defendant had served one year's incarceration on account of the original charge. Petition, ¶ 13.

This Court finds that the petition for writ of *coram nobis* must be denied. With regard to the first ground set forth above, even if this matter could be raised by the writ, the Petition confuses the time of incarceration imposed with the terms of probation. While the period of probation may exceed the original sentence, the time of incarceration the petitioner may serve may not exceed the original sentence.

This Court at this point cannot recall with certainty whether or not it was apprised of the fact that the petitioner served one year of his original sentence. Irrespective of that fact, however, this Court concludes that this

circumstance, even if true, does not constitute grounds for the issuance of this writ. In *Dobie*, the Supreme Court of Virginia emphasized:

> If the applicant has knowledge of a fact which would have been for his benefit if divulged, he cannot be permitted to conceal it, gamble upon the issue, and after an adverse decision ask the court to relieve him from consequences of his own intentional or negligent act.

198 Va. at 769 (citing 31 Am. Jur., *Judgments*, § 806; *State v. Boyd*, 117 Neb. 320, 220 N.W. 281, 58 A.L.R. 1283; and Anno. at 1286). It is clear that the petitioner's prior incarceration was a fact known by him and might have been raised by him at the probation violation hearing of January 24, 1994.

For the foregoing reasons, this Court denies the petitioner's writ of *coram nobis* without a hearing.