did not err in determining that the date of injury was February 11, 2009, as that was the date on which Potter first missed work due to her pain, even though she had previously sought medical treatment.

## CONCLUSION

For the foregoing reasons, the decision of the compensation court is affirmed.

AFFIRMED.

HEAVICAN, C.J., not participating.

————————————

STATE OF NEBRASKA, APPELLEE, V.
JOSE LUIS SANDOVAL, APPELLANT.
___ N.W.2d ___

Filed August 8, 2014.    No. S-11-872.

1. **Judgments: Appeal and Error.** When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.
2. **Judgments: Constitutional Law: Legislature: Appeal and Error.** The common-law writ of error coram nobis exists in this state under Neb. Rev. Stat. § 49-101 (Reissue 2010), which adopts English common law to the extent that it is not inconsistent with the Constitution of the United States, the organic law of this state, or any law passed by our Legislature.
3. **Judgments: Evidence: Appeal and Error.** The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition.
4. ____: ____: ____. The writ of error coram nobis reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment.
5. **Judgments: Appeal and Error.** The writ of error coram nobis is not available to correct errors of law.
6. **Judgments: Pleas: Convictions: Proof.** The failure of a district court to give the advisement required by Neb. Rev. Stat. § 29-1819.02(1) (Reissue 2008) does not prevent acceptance of a plea and entry of a judgment of conviction. Rather, it provides a basis for the defendant to subsequently move to vacate the judgment and withdraw the plea upon a showing that the advisement was not given and the defendant faces an immigration consequence as a result of the plea and subsequent conviction.

7. **Judgments: Pleas: Convictions.** A writ of error coram nobis cannot be utilized to set aside a plea-based conviction on the ground that the court failed to properly advise the defendant of the immigration consequences of the plea.

Appeal from the District Court for Dakota County: Paul J. Vaughan, Judge. Affirmed.

Joshua W. Weir, of Dornan, Lustgarten & Troia, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

The issue presented in this appeal is whether the failure of the court to advise a defendant of the immigration consequences of a plea of guilty or nolo contendere prior to acceptance of the plea can serve as the basis for a writ of error coram nobis. We conclude that it cannot and, therefore, affirm the judgment of the district court for Dakota County denying the writ.

## BACKGROUND

On October 28, 2003, Jose Luis Sandoval was charged in Dakota County District Court with possession of methamphetamine. He pled not guilty. In January 2004, Sandoval changed his plea to guilty as part of a plea agreement with the State. The record of the plea hearing reflects that the district court did not advise Sandoval of the immigration consequences of his guilty plea, even though such an advisement is required by Neb. Rev. Stat. § 29-1819.02(1) (Reissue 2008).

After Sandoval had served the sentence for his offense, he filed a "Petition for Writ of Error Coram Nobis" seeking an order "vacating the judgment and allowing [him] to withdraw his previously entered plea of guilty and allow him to enter a plea of not guilty." The petition stated that it was "filed pursuant to the common law writ of error coram nobis which exists in this state pursuant to Neb. Rev. Stat. § 49-101 [Reissue 2010]." It also referenced § 29-1819.02(2), which

permits a defendant to withdraw a guilty plea if he or she is not advised of the immigration consequences required by § 29-1819.02(1) and the defendant faces such immigration consequences. The petition asserted that neither the district court nor defense counsel advised Sandoval of the immigration consequences of his guilty plea and argued he should be allowed to withdraw his guilty plea based on the violation of § 29-1819.02, because he received ineffective assistance of counsel, and because his plea was not entered freely, intelligently, and voluntarily.

The district court denied relief. It concluded that Sandoval's claims were not based upon an error of fact that could be addressed via a petition for writ of error coram nobis. Sandoval timely appealed. We overruled the State's motion for summary affirmance but ordered supplemental briefing.

## ASSIGNMENT OF ERROR

Sandoval assigns, restated, that a writ of error coram nobis should be issued, allowing him to withdraw his guilty plea, because the district court failed to advise him of the immigration consequences of his guilty plea prior to accepting it.

## STANDARD OF REVIEW

[1] When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[1]

## ANALYSIS

Sandoval alleged in his operative petition that the court failed to give him the advisement required by § 29-1819.02(1) but that he was precluded by our holding in *State v. Rodriguez-Torres*[2] from asserting a right to withdraw his plea pursuant to § 29-1819.02(2) because he had served his sentence. He then alleged that the district court had "common law jurisdiction to vacate [his] conviction" through a writ of error coram nobis.

---

[1] *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013); *State v. Torres*, 283 Neb. 142, 812 N.W.2d 213 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 244, 184 L. Ed. 2d 129.

[2] *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008).

Thus, the narrow issue presented to the district court was whether this common-law remedy could be utilized to afford relief for Sandoval's claims. The district court determined that "a writ [of] error coram nobis [was] not an appropriate remedy." Our analysis is limited to whether this was error.

[2-5] The common-law writ of error coram nobis exists in this state under Neb. Rev. Stat. § 49-101 (Reissue 2010), which adopts English common law to the extent that it is not inconsistent with the Constitution of the United States, the organic law of this state, or any law passed by our Legislature.[3] The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition.[4] The writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment.[5] The writ is not available to correct errors of law.[6]

In this appeal, Sandoval argues that a writ of error coram nobis should issue, allowing him to withdraw his guilty plea, because the district court failed to advise him of the immigration consequences of his plea prior to accepting it. He contends the district court's failure to give the advisement violated both the statutory right encompassed in § 29-1819.02(2) and his right to due process of law. We conclude that neither of these claims supports the issuance of a writ of error coram nobis.

In *State v. Diaz*,[7] we held a writ of error coram nobis was not an appropriate method for a defendant to challenge a plea-based conviction on the basis that he received ineffective assistance of counsel when his counsel failed to advise him of the immigration consequences of a guilty plea and subsequent

---

[3] *State v. Diaz*, 283 Neb. 414, 808 N.W.2d 891 (2012).

[4] *Id*.

[5] *Id*.

[6] *Id*.

[7] *Id*.

conviction. We reasoned that an ineffective assistance of counsel claim presents a mixed question of fact and law and that because the claim rested in part on questions of law, it could not be resolved via a writ of error coram nobis. We also reasoned that a writ of error coram nobis was inappropriate for the additional reason that, whether the defendant had been advised of the immigration consequences of his plea or not, the district court was not prevented from rendering judgment against him.

[6] Sandoval's claim that he is entitled to coram nobis relief, based upon the failure of the court to give an immigration consequences advisement before accepting his plea, is likewise without merit. As in *Diaz*, whether the court gave Sandoval the immigration consequences advisement or not, it was not prevented from rendering judgment against him. The failure of a district court to give the advisement required by § 29-1819.02(1) does not prevent acceptance of a plea and entry of a judgment of conviction. Rather, it provides a basis for the defendant to subsequently move to vacate the judgment and withdraw the plea upon a showing that the advisement was not given and the defendant faces an immigration consequence as a result of the plea and subsequent conviction.[8] Unless and until the defendant successfully exercises that right, the judgment of conviction remains in full force.

Sandoval's claim based on due process fails for the same reason. In *State v. Wilson*,[9] a convicted defendant who had completed his sentence and was facing deportation sought a writ of error coram nobis, contending that he was denied due process of law by the court's failure to advise him of the immigration consequences of his nolo contendere plea. Noting that the writ was intended to "remedy errors of fact, not errors of law," we reasoned that because "any alleged failure of the District Court to properly inform the appellant of his constitutional rights would clearly be an error of law, a writ of

---

[8] See, § 29-1819.02(2); *State v. Mena-Rivera*, 280 Neb. 948, 791 N.W.2d 613 (2010); *State v. Yos-Chiguil*, 278 Neb. 591, 772 N.W.2d 574 (2009).

[9] *State v. Wilson*, 194 Neb. 587, 234 N.W.2d 208 (1975).

error coram nobis is not the appropriate remedy."[10] Moreover, the substance of Sandoval's due process claim depends upon retroactive application of the rule announced by the U.S. Supreme Court in *Padilla v. Kentucky*,[11] and the Court held in *Chaidez v. U.S.*[12] that the rule announced in *Padilla* does not so apply.

[7] For the sake of completeness, we note that Sandoval pursued the common-law coram nobis remedy at least in part based on an understanding that he was precluded from exercising the remedy under § 29-1819.02(2) by the fact that he had completed his sentence. His understanding was based upon a reading of *State v. Rodriguez-Torres*,[13] which we recently held in *State v. Rodriguez*[14] was incorrect. Because Sandoval sought relief in this action solely in the form of a writ of error coram nobis, we do not comment upon whether he has grounds for relief under § 29-1819.02(2) in light of our holding in *Rodriguez*.[15] Rather, limiting our review to the issue presented to and decided by the district court, we hold that a writ of error coram nobis cannot be utilized to set aside a plea-based conviction on the ground that the court failed to properly advise the defendant of the immigration consequences of the plea.

## CONCLUSION

For the reasons discussed, we affirm the judgment of the district court.

AFFIRMED.

HEAVICAN, C.J. not participating.

---

[10] *Id*. at 589, 234 N.W.2d at 210.

[11] *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010).

[12] *Chaidez v. U.S.*, ___ U.S. ___, 133 S. Ct. 1103, 185 L. Ed. 2d 149 (2013).

[13] *State v. Rodriguez-Torres, supra* note 2.

[14] *State v. Rodriguez, ante* p. 714, ___ N.W.2d ___ (2014).

[15] *Id*.